Lois M. DiGIANNI, Plaintiff–Appellant,

v.

STERN'S, Defendant–Appellee.

Lois M. DiGIANNI, Plaintiff–Appellant,

v.

BLOOMINGDALES, INC., Defendant–Appellee.

Nos. 1448, 1452, Dockets 93–9218, 93–9222.

United States Court of Appeals, Second Circuit.

Argued May 20, 1994.
Decided June 14, 1994.

Lois M. DiGianni, Brooklyn, NY, pro se.

Jo Ellen Silberstein, New York City (Suzanne E. Hyer, Hinckley & Silbert, New York City, of counsel), for defendants-appellees.

Before: MESKILL, MINER and MAHONEY, Circuit Judges.

**PER CURIAM:**

**I.**

Plaintiff-appellant Lois M. DiGianni, pro se, appeals from two judgments entered on October 21, 1993 in the United States District Court for the Eastern District of New York (Dearie, J.) dismissing her complaints in separate actions against defendants-appellees Stern's Department Stores, Inc. and Bloomingdale's, Inc. to recover damages under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t ("FCRA"). The district court concluded that neither Stern's nor Bloomingdale's was a "consumer reporting agency" within the meaning of the FCRA and that the allegedly inaccurate information disseminated by them did not constitute "consumer reports" within the meaning of the FCRA.

DiGianni filed complaints in these actions against Stern's and Bloomingdale's on February 10, 1993. She also has filed related lawsuits against TRW, Saks Fifth Avenue, Sears, Roebuck & Co., Macy's Northeast, J.C. Penny, United Retail Stores and Abraham and Strauss. The underlying facts of these cases were clarified to some extent at a July 23, 1993 pre-motion hearing before the district court. Apparently, an acquaintance of DiGianni obtained her social security number and opened a number of credit accounts at various department stores. Different names and addresses were used on the accounts, but the social security number on each was DiGianni's. The accounts became delinquent and appeared on credit reports issued by TRW and Transunion, companies engaged in the business of credit reporting.

In the original complaints filed against Stern's and Bloomingdale's, DiGianni alleged that the department stores were consumer reporting agencies within the meaning of the FCRA and that they disseminated inaccurate information bearing on her credit worthiness. She alleged that the department stores were responsible for causing inaccurate information to appear on TRW and Transunion credit reports. As a result, DiGianni had trouble obtaining credit and also suffered emotional harm and a variety of other adverse consequences. Each complaint includes eight

claims alleging violations of the FCRA and two pendent state law claims.

On June 24, 1993, DiGianni filed an amended complaint in the district court in the Stern's case, alleging the same facts, but changing the description of the defendant from "consumer reporting agency" to "agent for and of consumer reporting agencies." On July 23, 1993, DiGianni submitted an amended complaint to the district court that included similar changes in her complaint against Bloomingdale's. DiGianni contends that she served Bloomingdale's with the amended complaint at the July 23 conference. Bloomingdale's denies having been served with the amended complaint, however, and it is not clear from the record that proper service was effected. Inasmuch as we conclude that Di-Gianni's amended complaints do not state a cause of action under the FCRA, no useful purpose would be furthered by remanding the case to ascertain whether proper service of the amended complaint was made.

## II.

The FCRA regulates "consumer reporting agencies" in their preparation and dissemination of "consumer reports," *see, e.g.,* 15 U.S.C. § 1681b (defining circumstances under which a consumer reporting agency may issue a consumer report); *id.* § 1681c (restricting dissemination by consumer reporting agencies of obsolete information); *id.* § 1681e (establishing procedures for disseminating consumer credit information); *id.* § 1681i (designating procedures for resolving disputes with consumers), and also imposes certain obligations on "users" of consumer reports that deny credit or increase the charge for credit to consumers based on information contained in consumer reports issued by consumer reporting agencies, *id.* § 1681m. The FCRA imposes civil liability upon users and consumer reporting agencies that willfully or negligently violate the statute. *Id.* §§ 1681n, 1681o.

While DiGianni suggests on appeal that Stern's and Bloomingdale's are liable under the FCRA as users, she does not allege that either of them denied credit or increased the charge for credit to her on the basis of information supplied by reporting agencies.

Accordingly, the only remaining issue is whether the appellees can be held liable under the provisions of the FCRA governing consumer reporting agencies. We conclude that they cannot.

As defined by the statute, "consumer reporting agency"

> means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. . . .

15 U.S.C. § 1681a(f). The term "consumer report"

> means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under [this title]. . . . The term does not include (A) any report containing information solely as to transactions or experiences between the consumer and the person making the report. . . .

*Id.* § 1681a(d).

Retailers such as Stern's and Bloomingdale's that merely furnish information to consumer reporting agencies based on their experience with consumers are not consumer reporting agencies within the meaning of the FCRA. *See Rush v. Macy's New York, Inc.,* 775 F.2d 1554, 1557 (11th Cir. 1985); *Rice v. Montgomery Ward & Co.,* 450 F.Supp. 668, 670 (M.D.N.C.1978); *Todd v. Associated Credit Bureau Servs.,* 451 F.Supp. 447, 448 (E.D.Pa.1977), *aff'd without opinion,* 578 F.2d 1376 (3d Cir.1978), *cert. denied,* 439 U.S. 1068, 99 S.Ct. 834, 59 L.Ed.2d 33 (1979); *Laracuente v. Laracuente,* 252 N.J.Super. 384, 599 A.2d 968,

969–70 (N.J.Super.Ct.1991); *cf. Smith v. First Nat'l Bank,* 837 F.2d 1575, 1579 (11th Cir.) (bank that reported information concerning experience with a customer not a consumer reporting agency), *cert. denied,* 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988). As used in the statute the term refers to firms that are in the business of assembling and evaluating consumer credit information. "This implies a function which involves more than receipt and retransmission of information identifying a particular debt." *D'Angelo v. Wilmington Medical Ctr., Inc.,* 515 F.Supp. 1250, 1253 (D.Del.1981) (collection agency that provided information to a consumer reporting agency concerning a particular debt was not a consumer reporting agency). By merely characterizing the appellees as agents of consumer reporting agencies, DiGianni cannot draw them within the scope of the statute. Consumer reporting agencies naturally depend on suppliers of credit to furnish them with credit information. It is the consumer reporting agency that is charged with assuring the accuracy, confidentiality and proper dissemination of this information, however. The FCRA does not impose obligations upon a creditor who merely passes along information concerning particular debts owed to it.

■ Stern's and Bloomingdale's cannot be considered consumer reporting agencies for the additional reason that they did not furnish consumer reports to third parties. Excluded from the statutory definition of consumer report are reports "containing information solely as to transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681a(d). The information provided by Stern's and Bloomingdale's in this case related to accounts opened under DiGianni's social security number and thus fall squarely within the statutory exception.

Based on the foregoing, it is clear that DiGianni cannot state a claim under the FCRA, and she has stated no other basis for federal jurisdiction. Accordingly, her pendent state law claims properly were dismissed along with the FCRA claims.

### III.

■ Stern's and Bloomingdale's have requested that this Court impose sanctions upon DiGianni pursuant to Rule 38 of the Federal Rules of Appellate Procedure for taking a frivolous appeal. While it is true that the primary issue presented by this appeal—whether retail department stores are consumer reporting agencies within the meaning of the FCRA—easily is disposed of by reference to the statutory language, it nonetheless is an issue of first impression in this Court. Given that DiGianni is acting pro se and does not appear to have exhibited bad faith in pursuing this appeal, we conclude that this is not the "highly unusual" case in which sanctions are appropriate. *West Virginia v. Chas. Pfizer & Co.,* 440 F.2d 1079, 1092 (2d Cir.), *cert. denied,* 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971).

### IV.

The judgments of the district court are affirmed.