Henry McMILLAN

v.

**EXPERIAN INFORMATION SERVICES, INC., et al.**

**No. 3:99CV1481 (JBA).**

United States District Court, D. Connecticut.

July 18, 2000.

Joanne S. Faulkner, Kennedy & Faulkner, Jayne F. Kennedy, New Haven, CT, for Henry McMillan, plaintiffs.

Naomi B. Graubard, Wiggin & Dana, New Haven, CT, for Experian Information Service, Inc., defendants.

### DEFENDANT'S (ASSOCIATES NATIONAL BANK) MOTION TO DISMISS [Doc. # 43]

ARTERTON, District Judge.

In this motion to dismiss, Defendant Associates National Bank (Associates) seeks to dismiss the Plaintiff's First Claim of Relief against Associates National Bank for failure to state a claim under 15 U.S.C. § 1681s–2(b) of the Fair Credit Reporting Act (FCRA).

Plaintiff alleges that Experian, a consumer reporting agency, willfully failed to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports about him and repeatedly issued credit reports with inaccurate information about his credit report confusing him with other individuals with the same first and last name, refused and failed to reinvestigate and correct disputed items in Plaintiff's file and disclosed his credit information to persons or entities without permissible purpose to receive such information, all in violation of the FCRA.

In this motion, defendant Associates moves to dismiss Plaintiff's first claim which asserts that: "[u]pon information and belief, defendants Fleet Bank or Associates National Bank impermissibly accessed plaintiff's credit report or did not comply with the obligations under [15 U.S.C.] § 1681s–2(b) of the FCRA [Fair Credit Reporting Act], since the accounts listed on the report do not belong to this plaintiff." Compl. at ¶ 25. First, Defendant contends that, as a matter of law, the consumer Plaintiff has no private remedy under Section 1681s–2(b) which sets forth the responsibilities of furnishers of information to provide accurate information, and that such duties are only owed to the consumer reporting agency and not to the consumer. Second, defendant Associates contends that Plaintiff's claim of Associates' liability under the FCRA for impermissibly accessing of Plaintiff's credit report must also be dismissed for failure to state a claim in that the FCRA does not prohibit Associate's receipt of Plaintiff's credit report from the credit agency in connection with the investigation of Plaintiff's dispute as to the report's accuracy.

## LEGAL DISCUSSION

### 1. Consumer suits under Section 1681s–2(b)

Defendant Associates contends that plaintiff is not a proper party to bring an enforcement action for violations of Section 1681s–2(b). In support of this position, Associates first relies on the Second Circuit's decision in *DiGianni v. Stern's*, 26 F.3d 346 (2d Cir.1994) which held that two retailers who furnished credit information could not be held liable as "consumer reporting agencies" under the FCRA. In deciding whether these retailers could be considered "consumer reporting agencies," the Second Circuit observed "the FCRA does not impose obligations upon a creditor who merely passes along information concerning particulate debts owed to it." *Id.* at 348. However, *DiGianni* obviously did not address consumer suits under Section 1681s–2(b) since the case was decided more than two years before Section 1681s–2 was even enacted and more than three years before these new duties on furnishers of information became effective (September 30, 1997). *See* Consumer Credit Reporting Reform Act of 1996, Pub.L. No. 104–208, Div. A, Title II, § 2411, 110 Stat. 3009–454.

Associates also relies on *Carney v. Experian Information Solutions, Inc.*, 57 F.Supp.2d 496 (W.D.Tenn.1999) as supporting its position on the non-existence of a civil consumer remedy against furnishers of credit information. This Court respectfully disagrees with the *Carney* court's reading of the statute made in the context of a motion for judgment on the pleadings to which plaintiff failed to file any opposition, therefore without the benefit of full briefing of this novel issue, and instead adopts the recent view of three other district courts, also outside this Circuit, which have concluded that consumers can maintain a private action against furnishers of information under Section 1681s–2(b). *See Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918 (N.D. Ill. 2000); *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296 (D.N.M. 2000); *Campbell v. Baldwin*, 90 F.Supp.2d 754 (E.D.Tex.2000).

As in all cases involving statutory construction, the Court's analysis begins with the language of the statute since "[i]t is well-settled that when the language of the statute is clear and does not contradict a clearly expressed legislative intent, our inquiry is complete and the language controls." *United States v. Koh*, 199 F.3d 632 (2d Cir.1999) (citation omitted). By the Consumer Credit Reporting Reform Act of 1996, Congress imposed two new duties on the furnishers of information, codified at 15 U.S.C. § 1681s–2(a) and (b). The category of duties in subsection (a), relates to the furnishers' ongoing duty to report accurate information; the second category of duties, in subsection (b), governs the furnishers' duty once notice is received that

there is a dispute as to the completeness or accuracy of the information provided to a consumer reporting agency. Section 1681s–2 provides, in pertinent part:

## (a) Duty of furnishers of information to provide accurate information

### (1) Prohibition

#### (A) Reporting information with actual knowledge of errors

A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

#### (B) Reporting information after notice and confirmation of errors

A person shall not furnish information relating to a consumer to any consumer reporting agency if—

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

#### (C) No address requirement

A person who clearly and conspicuously specifies to the consumer an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A); however, nothing in subparagraph (B) shall require a person to specify such an address.

### (2) Duty to correct and update information

A person who—

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

### (3) Duty to provide notice of dispute

If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

### (4) Duty to provide notice of closed accounts

A person who regularly and in the ordinary course of business furnishes information to a consumer reporting agency regarding a consumer who has a credit account with that person shall notify the agency of the voluntary closure of the account by the consumer, in information regularly furnished for the period in which the account is closed.

### (5) Duty to provide notice of delinquency of accounts

A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the month and year of the commencement of the delinquency that immediately preceded the action.

## (b) Duties of furnishers of information upon notice of dispute

### (1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute

with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

### (2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

At the same time that Congress enacted Section 1681s–2, it amended Sections 1681n and 1681o to impose civil liability such that "[a]ny person who negligently [or willfully] fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." 15 U.S.C. 1681n and 1681o. The prior versions of Sections 1681n and 1681o limited consumer reme-

dies to suits against "any consumer reporting agency or user of information." By changing the language to "any person," which by its generality includes furnishers of information, Congress eliminated this limitation. Congress also expressly circumscribed this consumer right of action by excluding subsection (a) from the coverage of Section 1681n and Section 1681o's private remedy, see Section 1681s–2(c),[1] and left enforcement of subsection (a) to the Federal agencies, officials and State officials, see 15 U.S.C. § 1681s–2(d).[2] Absent any similar express limitation as to subsection (b), Sections 1681n and 1681o must be read as providing that willful or negligent failure to comply with these requirements can be the basis for a furnisher's civil liability to a consumer.

This statutory language is sufficiently clear and unambiguous as to the drafter's intent to render resort to legislative history and/or the Federal Trade Commission's interpretation of the statute unnecessary, see Friends of the Earth v. Consolidated Rail Corp., 768 F.2d 57, 62–63 (2d Cir. 1985) (observing that the analytical starting point is the statute's plain language and that if the language is clear and unambiguous, the judicial inquiry ordinarily ends). It is, nonetheless, reassuring to observe that the Court's reading of the statute's plain meaning is consistent with both the legislative history and the Federal Trade Commission's interpretation reflecting the intent that consumers can pursue a civil action against furnishers of information for violations of 15 U.S.C. § 1681s–2(b). See Minority Report from House Banking Committee on Banking, Finance and Urban Affairs (H.Rep. No. 486, 103rd Cong., 2nd Sess.251)[3]; Letter

---

**1.** "Sections 1681n and 1681o of this title do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681(c)(1)(B) of this title." 15 U.S.C. § 1681s–2(c).

**2.** "Subsection (a) of this section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and

the State officials identified in that section." 15 U.S.C. § 1681s–2(d).

**3.** "While the bill appropriately allows only state and federal authorities to initiate legal action against furnishers of information in connection with their first new duty, it inappropriately allows consumers to do so in connection with their other new duties with-

from Clarke W. Brinkerhoff, Attorney with Division of Financial Practices Division of the Federal Trade Commission to Wainwright S. Watkins (Jan. 24, 1999) (Pl.'s Opp'n, Ex. C).[4] In conclusion, the plain language of Sections 1681n and Section 1681o when read in conjunction with Section 1681s–2, expressly provides a consumer remedy for violation by a furnisher of credit information of the obligations imposed under 15 U.S.C. § 1681s–2(b). Accordingly, Associates' motion to dismiss on this ground is DENIED.

### 2. Impermissible Access to Plaintiff's Credit Report Claim

 Defendant also moves to dismiss the Plaintiff's first claim insofar as it alleges Associates impermissibly accessed Plaintiff's credit report. Plaintiff cites no specific section of FCRA that prohibits such conduct by Associates, but this is not fatal under the liberal pleading principles established under Fed.R.Civ.P. 8. *See Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41, 46 (2d Cir.1997) (noting failure to cite statute or correct provision of FCRA "in no way affects the merits of a claim"). The complaint sets forth no specific facts and circumstances under which it is alleged Associates accessed plaintiff's credit report other than to simply assert that Associates and Fleet "impermissibly accessed plaintiff's credit report." Determination of whether plaintiff can prove a legal impropriety by Associates in how it obtained plaintiff's credit report from Experian, including whether it was obtained under false pretenses in violation of 15

U.S.C. § 1681q,[5] certainly cannot be made at this early stage. *Cf. Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41, 46 (2d Cir.1997) (reversing district court's dismissal of complaint which alleged that defendants received plaintiff's credit report from credit reporting agency while they were conducting no business with her of any kind). Associates' defense that it accessed Plaintiff's credit report in connection with its statutory obligation to investigate Plaintiff's disputed claim requires a determination of whether, and under what circumstances, Associates obtained Plaintiff's credit report, which is beyond what can be determined on the face of the complaint. It therefore cannot be addressed on a motion under Fed.R.Civ.P. 12(b)(6).

Accordingly, Associates' Motion to Dismiss on this ground is DENIED.

### Conclusion

For the foregoing reasons, Associate's Motions to Dismiss [doc. # 43] is DENIED.

IT IS SO ORDERED.

---

out first requiring them to take advantage of established reinvestigation procedures. Republican Members think this is a flawed approach." Minority Report from House Banking Committee on Banking, Finance and Urban Affairs (H.R.Rep. No. 486, 103rd Cong., 2nd Sess. 251 (1994)).

4. "Section 623(b) [codified as Section 1681s–2(b)] imposes clear investigative duties on furnishers when they receive disputes from CRAs, and allows consumers to sue violators of this subsection to obtain damages (which may be punitive if the consumer shows willful

violation) and attorney fees." Letter from Clarke W. Brinkerhoff, Attorney with Division of Financial Practices Division of the Federal Trade Commission to Wainwright S. Watkins (Jan. 24, 1999) (Pl.'s Opp'n, Ex. C)

5. "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than $5,000 or imprisoned not more than one year, or both." 15 U.S.C. § 1681q.