**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2963
_____

DAWUD HARRIS,
a/k/a David Harris

v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY/
AMERICAN EDUCATION SERVICES

Dawud Harris,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-16-cv-00693)
District Judge: Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 20, 2017

Before: SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: June 22, 2017)
_____

OPINION*
_____

PER CURIAM

Dawud Harris, a/k/a David Harris, appeals from an order of the District Court dismissing his amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm.

Harris filed an in forma pauperis civil action in the United States District Court for the Eastern District of Pennsylvania against the Pennsylvania Higher Education Assistance Agency ("PHEAA"), challenging three student loans made to him in 2005, 2006, and 2007, which were owned and serviced by PHEAA. Harris claimed that PHEAA exploited him financially, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, by fabricating financial information on his student loan documents, which then adversely affected his credit score. Harris attached items to his complaint showing that he was delinquent on his student loans. The District Court dismissed Harris's complaint without prejudice, reasoning that, although he alleged that he suffered from a disability, he did not allege sufficiently that PHEAA denied him services or discriminated against him because of his disability. The Court held that his allegation that PHEAA altered his loan documents did not give rise to a plausible ADA claim of discrimination. The District Court noted Harris's reference to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and granted him leave to amend.

Harris then filed an amended complaint, in which he dropped his ADA claim and attempted to state a claim for relief under § 1681i of the FCRA. Harris alleged that PHEAA violated the FCRA by negligently and coercively acting to collect a debt. He explained that he applied for a loan in 2014 from the Philadelphia Federal Credit Union where he maintained an account, but the Credit Union denied the loan on the basis of his

2

unpaid student loans. Harris explained that he then filed a complaint with the Bureau of Consumer Financial Protection regarding PHEAA's collection efforts on his student loans, alleging that PHEAA was not responding to his telephone calls and letters. In his amended complaint Harris sought discharge, cancellation, and forgiveness of his loans, and money damages in the amount of $30,000.00. He attached to his amended complaint copies of letters to him from American Education Services demanding payment on his student loans.

PHEEA moved to dismiss the amended complaint for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), arguing that it is not a consumer reporting agency under the FCRA, see 15 U.S.C. § 1681i, and therefore cannot be sued. It noted further that "furnishers" of information may, under the statute, report accurate information to a consumer reporting agency based on their experiences with a customer. Furthermore, as established by the letters Harris had attached to his amended complaint, it had warned Harris in advance that it would report negative information about him to consumer reporting agencies. PHEEA further argued that, although § 1681s-2(b) requires a reasonable investigation in response to a credit dispute, Harris did not allege that he had ever submitted his credit dispute to a consumer reporting agency, as required by the statute. Harris opposed dismissal of his amended complaint, arguing, among other things, that PHEEA's trade name, "American Education Services," made it more than a furnisher of information under the FCRA.

In an order entered on June 24, 2016, the District Court granted PHEEA's motion and dismissed Harris's amended complaint with prejudice. The Court held that PHEAA

is not a consumer reporting agency, as defined by the FCRA. The Court further held that there is no private right of action under § 1681s-2(a) against PHEAA as a furnisher of information, and that Harris had failed to state a claim under § 1681s-2(b) because he filed his complaint with the Bureau of Consumer Financial Protection, not with a consumer reporting agency.

Harris appeals. We have jurisdiction under 28 U.S.C. § 1291. In addition to submitting his Informal Brief and several supplements, Harris filed a "Motion to Vacate Trial Court Judgment," calling this Court's attention to the issuance of a Form 1099-C to him showing that his debt has been discharged.

We will affirm. Review of a District Court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) is plenary. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the amended complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible when the facts alleged allow the court to draw the inference that the defendant is liable for the misconduct alleged. See Burtch v. Millberg Factors, Inc., 662 F.3d 212, 220-21 (3d. Cir. 2011). Although factual averments must be accepted as true, legal conclusions are disregarded. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

The FCRA was enacted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that use accurate

information.  Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010).  Consumer reporting agencies must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," 15 U.S.C. § 1681e(b), and they are subject to suit by consumers under § 1681i when they fail in this regard, see SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 359 (3d Cir. 2011); 15 U.S.C. §§ 1681n and 1681o.  That said, the District Court properly dismissed Harris's amended complaint to the extent that he asserted a claim pursuant to § 1681i because PHEAA is not a "consumer reporting agency" under the FCRA.  A consumer reporting agency "regularly engages in whole or in part in gathering or evaluating information on consumers for the purpose of furnishing consumer reports to third parties…."  15 U.S.C. § 1681a(f).  "As used in the statute the term refers to firms that are in the business of assembling and evaluating consumer credit information." DiGanni v. Stern's, 26 F.3d 346, 348-49 (2d Cir. 1994).  PHEAA does neither of these things.  PHEAA operates nationally, under the name American Education Services, conducting lending, servicing, and guaranteeing activities in connection with federally-backed student loans, see United States ex rel. Oberg v. Pa. Higher Education Assistance Agency, 745 F.3d 131, 138 (4th Cir. 2014).  It is not a "consumer reporting agency" as a matter of law, and its use of a trade name is irrelevant.[1]

On the other hand, PHEAA properly acknowledged in the proceedings below that it was a "furnisher" of information within the meaning of the FCRA in Harris's case.  A

---

[1] The three major consumer credit reporting agencies are TransUnion, Experian, and Equifax.

"furnisher" of information is an entity, often a creditor, that furnishes information regarding a consumer to one or more consumer reporting agencies for inclusion in a consumer report. 16 C.F.R. § 660.2(c). PHEEA's actions thus are judged under 15 U.S.C. § 1681s-2(b) regarding the duties of furnishers of information.[2] Section 1681s-2(b) imposes certain duties on a furnisher/creditor who has been notified by a consumer credit reporting agency that a consumer has disputed information furnished by that furnisher/creditor. See Seamans v. Temple University, 744 F.3d 853, 864-65 (3d Cir. 2014); Johnson v. MBNA America Bank, NA, 357 F.3d 428, 429-30 (4th Cir. 2004). After receiving such notice, the furnisher/creditor must conduct a reasonable investigation and follow the procedures prescribed by § 1681s-2(b)(l)(A) through (E).[3]

---

[2] As explained by the District Court, there is no private right of action against a furnisher of information under § 1681s-2(a); only federal or state authorities may enforce this subsection. 15 U.S.C. § 1681s-2(d); Seamans v. Temple University, 744 F.3d 853, 864 (3d Cir. 2014).

[3] Section 1681-2(b)(1)(A)-(E) provides as follows:

(1) In general
After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
    (A) conduct an investigation with respect to the disputed information;
    (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
    (C) report the results of the investigation to the consumer reporting agency;
    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting

6

Id. Harris, however, cannot state a claim under § 1681s-2(b) because he did not allege, nor could he have alleged, that PHEAA failed to conduct a reasonable investigation in response to a credit dispute *he submitted to a consumer reporting agency.* Under the FCRA, consumers notify consumer credit reporting agencies about inaccuracies in their credit reports. The duties imposed under § 1681s-2(b)(1)(A)-(E) are triggered only after a furnisher of information receives notice from a consumer reporting agency about a dispute. See SimmsParris, 652 F.3d at 358 (notice "must be given by a credit reporting agency, and cannot come directly from the consumer"). See also Chiang v. Verizon New England Inc., 595 F.3d 26, 35 & n.8 (1st Cir. 2010) (same); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (same). A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute. Id.

Harris never submitted his credit dispute regarding his PHEAA student loans to a consumer reporting agency. His Informal Brief makes clear that he contacted the Bureau of Consumer Financial Protection for assistance with his credit dispute, but the Bureau is not in the business of assembling and evaluating consumer credit information, and is thus not a "consumer reporting agency" under the FCRA. It is instead an Executive agency established within the Federal Reserve System to "regulate the offering and provision of

---

agency only, as appropriate, based on the results of the reinvestigation promptly--
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681-2(b)(1)(A)-(E).

consumer financial products or services under the Federal consumer financial laws" 12 U.S.C. § 5491(a). Accordingly, the District Court also properly dismissed Harris's amended complaint to the extent that he attempted to state a claim under § 1681s-2(b).

For the foregoing reasons, we will affirm the order of the District Court dismissing Harris's amended complaint. We decline to consider any new arguments raised by Harris for the first time in his many supplemental briefs, see Fed. R. App. P. 28(a). His "Motion to Vacate Trial Court Judgment" is denied.[4]

---

[4] In February, 2016, PHEAA notified Harris that it would be writing off his delinquent loans and would issue a Form 1099-C reflecting the cancellation of all sums due because of non-payment. Form 1099-C notifies the Internal Revenue Service of the discharged amount because it may be considered income for federal tax purposes. Contrary to Harris's assertion, the Form 1099-C does not constitute an admission of wrongdoing by PHEAA, although it would moot his demand for the relief of cancellation and discharge.