**Chris R. CARNEY, Plaintiff,**

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.; Memphis Consumer Credit Association, Inc.; Equifax Credit Information Service, Inc.; Trans Union Corporation; Exxon Corporation; G.E. Capital, Inc.; Charlie Chaillet, Individually and D/B/A The Billiard Club; and "John Doe," Defendants.**

No. 98–2788–V.

United States District Court, W.D. Tennessee, Western Division.

June 9, 1999.

---

Patricia L. Penn, Penn & Associates, Memphis, TN, for Chris R. Carney, plaintiff.

Oscar C. Carr, III, Glankler Brown Gilliland Chase Robinson & Raines, Memphis, TN, Dean A. Calloway, Jones Day Reavis & Pogue, Atlanta, GA, for Experian Information Solutions, Inc., defendant.

John K. Walsh, Hanover Walsh Jalenak & Blair, Memphis, TN, for Memphis Consumer Credit Association, Inc., defendant.

Nanette L. Wesley, Wyatt, Tarrant & Combs, Memphis, TN, John Friedline, Kilpatrick Stockton, Atlanta, GA, for Equifax Credit Information Services, Inc., defendant.

Stephen K. Heard, Stewart Estes & Donnell, Nashville, TN, Bruce Luckman, Marion Satzberg Trichon & Kogan PC, Philadelphia, PA, for Trans Union Corporation, defendant.

Wynne C. Hall, Paine Swiney & Tarwater, Knoxville, TN, Andrew R. Tillman, Paine Swiney & Tarwater, Knoxville, TN, for Exxon Corporation, G.E. Capital, Inc., defendant.

J. Michael Fletcher, Law Offices of J. Michael Fletcher, Memphis, TN, Michael Fletcher, Law Offices of Michael Fletcher, Memphis, TN, for Charlie Chaillet, individually and d/b/a The Billiard Club, defendant.

**ORDER ON MOTION OF DEFENDANTS, EXXON CORP. AND G.E. CAPITAL, FOR JUDGMENT ON THE PLEADINGS**

VESCOVO, United States Magistrate Judge.

Plaintiff, Chris R. Carney, has filed suit against multiple defendants claiming violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–1681u, and the Tennessee Consumer Protection Act (TCPA), Tenn.Code Ann. §§ 47–18–101 to –121, as well as for negligence, credit card fraud, and conversion.[1] Before the court[2] is the April 15, 1999 motion by defendants, Exxon Corporation and G.E. Capital, Inc., for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). As grounds, Exxon and G.E. Capital assert plaintiff fails to state a claim for relief under the FCRA and that plaintiff's claim under the TCPA is preempted by federal law. As of the date of this order, plaintiff has not responded to defendants' motion.[3] For the reasons set forth below, defendants' motion is hereby granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 1998, plaintiff filed suit in Tennessee state court against defendants,

---

1. Plaintiff's negligence, credit card fraud, and conversion claims are leveled solely at defendants, Charlie Chaillet, the Billiard Club, and "John Doe" and are not at issue in the present motion.

2. The parties have consented to the trial of this matter before the undersigned United States Magistrate Judge.

3. Pursuant to Local Rule 7.2(a)(2), responses to motions in civil cases, unless the motion is pursuant to Fed.R.Civ.P. 12(b) or 56, are to be filed within fifteen days after service of the motion. In the case of a motion to dismiss or a motion for summary judgment, a response shall be filed within 30 days after service. Plaintiff has not filed a response to this motion, and the time for responding has now expired.

Rule 7.2(a)(2) further provides that "[f]ailure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." However, because defendants' motion for judgment on the pleadings essentially requests dismissal of plaintiff's claim, plaintiff's failure to respond to the motion is not in and of itself good grounds for granting defendants' motion. *See also Stough v. Mayville Community Schs.*, 138 F.3d 612, 614 (6th Cir.1998) (holding that district court abused its discretion by dismissing claim pursuant to local rule for failure to respond to motion absent specific findings as to bad faith, prejudice, or prior notice of possible dismissal).

Plaintiff is hereby warned that further failure to make timely responses in this case will result in dismissal of his lawsuit for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Experian Information Systems, Memphis Consumer Credit Association, Equifax Credit Information Systems, and Trans Union Corporation, seeking damages and injunctive relief for violations of the FCRA and TCPA. Defendants timely removed the case to this court. After removal, plaintiff filed an amended complaint seeking damages and injunctive relief from the previously named defendants, as well as adding defendants Exxon, G.E. Capital, Charlie Chaillet, The Billiard Club, and "John Doe." On December 22, 1998, plaintiff filed a stipulation voluntarily dismissing without prejudice those claims against defendants, Experian, MCCA, Equifax, and Trans Union, set forth in his original complaint.[4]

Plaintiff's amended complaint alleges that in December 1996, during his winter break from college, he met some friends at The Billiard Club to shoot pool. Plaintiff was informed by employees of the Club that he would have to provide his driver's license as a security deposit in order to obtain billiard balls. When plaintiff left the Club, he forgot to retrieve his driver's license. Plaintiff's mother finally retrieved the license in January 1997.

In November 1997, plaintiff discovered that someone had falsely obtained credit cards using his identity. (Am.Compl.¶21.) In January 1998, plaintiff notified Exxon that he had been the victim of credit card fraud. (*Id.* ¶22.) Exxon then notified G.E. Capital, its collection company. (*Id.* ¶23.) Plaintiff alleges that Exxon did not conduct a reasonable investigation because it continued to report plaintiff as a delinquent debtor of Exxon. (*Id.* ¶24.) Plaintiff further alleges generally that this action, or more aptly inaction, by Exxon and G.E. Capital violated the FCRA and TCPA. (*Id.* ¶25.)

Plaintiff alleges that in January 1998 he also discovered that erroneous information

related to the above credit card fraud was listed on plaintiff's credit report as published by defendants. (*Id.* ¶31.) On March 20, 1998, plaintiff notified the "creditor"[5] defendants concerning the erroneous information and requested that corrections be made pursuant to 15 U.S.C. § 1681i(a)(1)(A). (*Id.* ¶32.) Plaintiff further alleges that these defendants failed to comply with 15 U.S.C. § 1681i(a)(5) by willfully, maliciously, or negligently failing to delete the erroneous items from the plaintiff's credit report. (*Id.* ¶35.) Plaintiff additionally contends that defendants violated the TCPA by reporting erroneous information in the plaintiff's credit report. (*Id.* ¶35.) As a result of the actions of each of the named defendants, plaintiff asserts that he has suffered actual damages, injury to his reputation, interference with job capacity and opportunity, damage to his credit rating, and mental and emotional distress.

Exxon and G.E. Capital, in tandem, answered plaintiff's amended complaint denying several of the plaintiff's specific factual allegations and asserting multiple affirmative defenses. Exxon and G.E. Capital then filed the present motion for judgment on the pleadings as to plaintiff's claims against them.

## II. STANDARD OF REVIEW

The federal rules provide that any party may request judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial." Fed. R.Civ.P. 12(c). When the defendant is the movant, "all well-pleaded facts and proper inferences therefrom will be treated as admitted by defendant." *Jones v. Tennessee Eastman Co.*, 397 F.Supp. 815, 816 (E.D.Tenn.1974). Granting judgment on the pleadings is proper only where "no material issue of fact exists and the party

---

4. Nevertheless, those four entities remain defendants in this litigation because of claims alleged against them in plaintiff's amended complaint.

5. Plaintiff characterizes Experian, MCCA, Equifax, Trans Union, Exxon, and G.E. Capital as defendant creditors. (*See* Am.Compl. at p. 1.)

making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991). Further, "[t]he court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief." *Branch Int'l Servs. v. Budde*, 890 F.Supp. 659, 661–62 (E.D.Mich.1995) (citing *Windsor v. Tennessean*, 719 F.2d 155, 158 (6th Cir.1983)).

In this instance, the crux of defendants' Rule 12(c) motion for judgment on the pleadings is that plaintiff has failed to state a claim upon which relief can be granted. In such a situation, the validity of plaintiff's legal claims should be evaluated under the same standard as if defendants had made a Rule 12(b)(6) motion. *See Eads v. Simon Container Mach.*, 676 F.Supp. 786, 787 (E.D.Mich.1987). This distinction, however, matters little because the same standard governs evaluation of motions under 12(c) and 12(b)(6). *See Haverstick Enters. v. Financial Fed. Credit*, 803 F.Supp. 1251, 1255 (E.D.Mich. 1992). Under either rule, the motion should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

As with Rule 12(b)(6), a Rule 12(c) motion may be converted to one for summary judgment under Rule 56 when matters outside of the pleadings are presented to, and not excluded by, the court in conjunction with its determination of the motion. *See* Fed.R.Civ.P. 12(c). "[H]owever, it is within the court's discretion whether to accept extraneous matter on a 12(c) motion and treat it as one for summary judgment." *Sage Int'l Ltd. v. Cadillac Gage Co.*, 556 F.Supp. 381, 384 (E.D.Mich.1982). Defendants have submitted an affidavit along with their motion which if considered by the court would require conversion and notice of the conversion to plaintiff. In ruling on the motion for judgment

on the pleadings, the court has excluded the contents of the affidavit from its considerations. Thus, there is no basis for converting this motion to a summary judgment motion.

## III. ANALYSIS

Plaintiff's complaint broadly alleges that defendants, Exxon and G.E. Capital have failed to meet the requirements of the FCRA and the TCPA.

### A. *Fair Credit Reporting Act*

Plaintiff specifically claims defendants failed to comply with 15 U.S.C. § 1681c(a)(5) and § 1681i(a)(1)(A) of the FCRA.

The FCRA places obligations on three distinct types of entities involved in consumer credit: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. Consumer reporting agencies and users of consumer reports are subject to civil liability for willful or negligent violations of the FCRA. *See* 15 U.S.C. §§ 1681n, 1681o. In order for plaintiff to state a claim against either Exxon or G.E. Capital under the FCRA, these defendants must fall into one or more of these regulated groups.

Under the FCRA, a consumer reporting agency is defined as

any person which for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purposes of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). The term "consumer report" is also defined by the FCRA and specifically excludes "any report containing information solely as to transactions or experiences between the consumer

and the person making the report." 15 U.S.C. § 1681a(d)(2)(A)(i).

Plaintiff's amended complaint [6] contains no allegations that Exxon or G.E. Capital, which plaintiff alleges served as Exxon's collection agency, were consumer reporting agencies or did anything more than report information concerning its dealings with plaintiff as an account holder to Experian, MCCA, Equifax, and Trans Union. Rather, it appears that Exxon issued credit in plaintiff's name and informed other defendants that plaintiff's account was delinquent.

■ The statutory definition of consumer reporting agency under the FCRA requires being in the business of "assembling or evaluating consumer credit information." 15 U.S.C. § 1681a(f). " 'This implies a function which involves more than receipt and retransmission of information identifying a particular debt.' " *DiGianni v. Stern's*, 26 F.3d 346, 349 (2d Cir.1994) (quoting *D'Angelo v. Wilmington Med. Ctr.*, 515 F.Supp. 1250, 1253 (D.Del. 1981)). "Retailers ... that merely furnish information to consumer reporting agencies based on their experience with consumers are not consumer reporting agencies within the meaning of the FCRA." *DiGianni*, 26 F.3d at 348. *See, e.g., Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir.1985); *Myles v. General Motors Acceptance Corp.*, No. Civ.A. 97–2030, 1998 WL 299958, at *5 (E.D.La. June 4, 1998); *Lema v. Citibank (S.D.), N.A.*, 935 F.Supp. 695, 697 (D.Md.1996). Because plaintiff's allegations against Exxon and G.E. Capital are limited to Exxon and G.E. Capital passing along information concerning a particular debt owed to Exxon, neither Exxon nor G.E. Capital can be considered consumer reporting agencies under the FCRA. Accordingly, plaintiff's allegations fail to state a claim under §§ 1681b, 1681c, 1681d, 1681e, 1681f, 1681g, 1681h, 1681i, 1681j, 1681k, and 1681*l* of the FCRA.[7]

■ Section 1681m of the FCRA places requirements on "users of consumer reports."[8] That section "requires users of consumer information who deny credit or increase rates for the same due to information contained in a consumer report to supply the consumer with the name and address of the consumer reporting agency that furnished the report." *Lema*, 935 F.Supp. at 698. Plaintiff, however, has made no allegations that Exxon or G.E. Capital denied the extension of credit to him or increased any rates as a result of information contained in a consumer report. Instead, plaintiff's quarrel with Exxon and G.E. Capital is that credit was actually extended in his name without his permission as a result of fraud and that defendants, after being informed of the fraud, continued to report this as plaintiff's debt. Accordingly, plaintiff's allegations fail to state a claim under 15 U.S.C. § 1681m of the FCRA.

■ Section 1681s–2 of Title 15 of the FCRA is entitled: "Responsibilities of furnishers of information to consumer reporting agencies." That section identifies two duties imposed upon such furnishers of information: the duty to provide accurate information [§ 1681s–2(a)] and the duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency [§ 1681s–2(b)]. Although the term "furnisher of information" is not defined within the FCRA, common sense dictates that the term would encompass an entity such as Exxon which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA, and Trans Union. Thus, Exxon and G.E. Capital are subject to the

---

**6.** The amended complaint refers to an attached affidavit, but no affidavit was attached.

**7.** Except for §§ 1681c and 1681i, plaintiff has not specifically pled these subsections.

**8.** Plaintiff has not specifically pled this subsection.

requirements enumerated in 15 U.S.C. § 1681s–2.

■ Construed in its most favorable light, plaintiff's complaint contains allegations which, if proven, could support the conclusion that Exxon and G.E. Capital violated their duty to provide accurate information under § 1681s–2(a). Nevertheless, because it is equally clear from the statutory scheme that plaintiff is not the proper party to bring an action for enforcement of these obligations, defendants' motion for judgment on the pleadings must be granted. The FCRA limits enforcement of subsection (a) of § 1681s–2 governing supplying accurate information exclusively to certain federal and/or state officers. *See* 15 U.S.C. § 1681s–2(d). In addition, liability for violations of § 1681s–2 are limited, and the provisions for civil liability set forth in 15 U.S.C. §§ 1681n and 1681o do not apply to any violation of § 1681s–2. *See* 15 U.S.C. § 1681s–2(c). Accordingly, because plaintiff has no private right of action, plaintiff's complaint fails to state a claim under 15 U.S.C. § 1681s–2(a).[9] *See Bacon v. Southwest Airlines Co.*, No. CIV.A. 3:97–CV–2211–L, 1999 WL 134569, at *3 (N.D.Tex. Mar.5, 1999).

The duties of furnishers of information upon receipt of notice of dispute from a consumer reporting agency are codified at 15 U.S.C. § 1681s–2(b).[10] Upon receipt of notice from a consumer reporting agency that furnished information has been disputed, the furnisher of the information is required to: (1) investigate the disputed information; (2) review all of the relevant information provided to it by the consumer reporting agency; (3) report the results of its investigation to the agency; and (4) report the results to all other agencies to which the information was originally furnished if an inaccuracy or an incompleteness is discovered. *See* 15 U.S.C. § 1681s–2(b)(1)(A–D).

■ The duties described in subsection (b) of § 1681s–2 are triggered only upon notice received from a consumer reporting agency, not the consumer, and appear to exist solely for the benefit of consumer reporting agencies which face liability under the remainder of the FCRA to the consumer for erroneous and inaccurate reporting. "Consumer reporting agencies naturally depend on suppliers of credit to furnish them with credit information. It is the consumer reporting agency that is charged with assuring the accuracy, confidentiality and proper dissemination of this information, however." *DiGianni*, 26 F.3d at 349. Consequently, the statutorily created obligation imposed on a furnisher of information is owed only to the consumer reporting agency not to the consumer, and an individual such as plaintiff cannot state a claim under 15 U.S.C. § 1681s–2(b). Moreover, plaintiff has not alleged that a consumer reporting agency notified Exxon or G.E. Capital of a dispute so as to trigger any duty under § 1681s–2(b). Thus, plaintiff fails to state a claim under 15 U.S.C. § 1681s–2(b).

### B. *Tennessee Consumer Protection Act*

Plaintiff's complaint further alleges that the actions of Exxon and G.E. Capital are in violation of Tenn.Code Ann. § 47–18–104(a). That section provides that "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices." Tenn.Code Ann. § 47–18–104(a). If as a result of such an unlawful act or practice, a person "suffers an ascertainable loss of money or property," then that person "may bring an action individually to recover actual damages." Tenn.Code Ann. § 47–18–109(a)(1). Furthermore, if the unlawful act or practice was undertaken willfully or knowingly, then the injured party may recover treble damages. *See* Tenn.Code Ann. § 47–18–109(a)(3).

**9.** Plaintiff has not specifically pled this subsection.

**10.** Again, this section was not specifically pled.

■ Defendants Exxon and G.E. Capital argue plaintiff's claims under state law are preempted by § 1681t(b)(1)(F) of the FCRA. That section provides that: "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." 15 U.S.C. § 1681t(b)(1)(F). As previously seen, § 1681s–2(a) & (c) preclude any civil liability by way of a private cause of action against furnishers of information who fail to provide accurate information after receiving notice from a consumer. To the extent the TCPA provides a private cause of action against furnishers of information in that situation, it relates to the subject matter of § 1681s–2(a) & (c) and conflicts with those provisions.

Because the duties, responsibilities, and liabilities of furnishers of information upon receipt of notice from a consumer are regulated under § 1681s–2(a) & (c) of the FCRA, there is a preemption of plaintiff's state law claim under the TCPA. *See* 15 U.S.C. § 1681t(b)(1)(F). Consequently, defendants' motion for judgment on the pleadings as to plaintiff's state law claim pursuant to the TCPA is granted.[11]

### *CONCLUSION*

For the foregoing reasons, defendants' motion for judgment on the pleadings is granted.

IT IS SO ORDERED.

---

11. Even if there were no preemption, this court would decline to exercise its supplemental jurisdiction and would dismiss the state law claims against Exxon and G.E. Capital. *See Podell v. Citicorp,* 859 F.Supp. 701, 706 (S.D.N.Y.1994).