**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 99-60410
(Summary Calendar)

_____

OLIVIA S. MCCOOL GEESLIN,                    Plaintiff-Appellant-
                                                Cross-Appellee,

                          versus

NISSAN MOTOR ACCEPTANCE CORP.,                Defendant-Appellee-
                                                Cross-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Mississippi
(97-CV-186)

_____
**July 19, 2000**

Before POLITZ, WIENER, and STEWART, Circuit Judges.

Per Curiam*

In this diversity case which also raises a federal question under the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq., Plaintiff-Appellant-Cross-Appellee Olivia S. McCool Geeslin alleges error by the district court in two respects: (1) Submitting a special interrogatory to the jury that did not accurately reflect controlling Mississippi law; and (2) granting summary judgment on the federal question on the ground that the specific statutory

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provision does not provide the debtor a private cause of action against the creditor. Defendant-Appellee-Cross-Appellant Nissan Motor Acceptance Corp. ("Nissan"), in its cross-appeal, asserts two matters that would be relevant only if we were to remand this case for re-trial. As we affirm the district court in all respects, we do not reach those questions.

In determining whether Nissan effected the repossession of Geeslin's automobile in compliance with the terms of Mississippi Code § 75-2A-525(3), which authorizes self-help repossession in the event of default so long as it can be done without a breach of the peace, the court submitted the following question ("Interrogatory Number 1") to the jury: "When the Defendant repossessed the Plaintiff's automobile on May 30, 1997, did the Defendant open the Plaintiff's garage door?" If the jury answered "Yes" to that question, it was authorized to award damages to Geeslin on the basis that the repossession would be unlawful because opening the closed garage door would constitute a breach of the peace. On appeal, Geeslin contends that, according to Mississippi law, Nissan may have committed a breach of the peace even if the garage door were already open when the repossession took place.

Reviewing the jury charge under the highly deferential plain error standard because Geeslin did not timely object to the charges given or the failure to give the charge she submitted, we conclude that the district court did not commit reversible error. The parties failed to identify the appropriate standard of review for

our inquiry; that question turns on whether Geeslin timely objected to any error.  Federal Rule of Civil Procedure 51 provides:  "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."  Although Geeslin submitted proposed jury instructions and interrogatories which the district court rejected, we do not find that merely submitting those proposals satisfied her duty to object before the jury retired.[1]  Geeslin's objection to the jury interrogatory in her post-trial Motion for Judgment Notwithstanding the Verdict and for New Trial came too late.

Despite a party's failure to comply with Rule 51, we have previously reviewed allegations of error in jury instructions raised on appeal under the plain error standard, and we do so here.[2]  In conducting this review, we are exceedingly deferential to the trial court.[3]  Acknowledging some ambiguity in Mississippi law regarding what constitutes a "breach of the peace" for purposes of § 75-2A-525(3), we nevertheless conclude when we apply the plain error standard that Interrogatory Number 1 did not contain an

---

[1] Kelly v. Boeing Petroleum Srvcs., Inc., 61 F.3d 350, 361 (5th Cir. 1995) (holding that submission of proposed jury instructions and verdict form does not satisfy Rule 51 objection requirement).

[2] Tompkins v. Cyr, 202 F.3d 770, 783-84 (5th Cir. 2000); see Nero v. Industrial Molding Corp., 167 F.3d 921, 932 (5th Cir. 1999).

[3] Tompkins, 202 F.3d at 784.

obviously incorrect statement of law that "was probably responsible for an incorrect verdict, leading to substantial injustice."[4]

As to Geeslin's second issue on appeal, we review de novo the district court's determination that 17 U.S.C. § 1681s-2(b) of the Consumer Credit Protection Act does not provide a private cause of action for the debtor against the creditor, and we affirm. Contrary to Geeslin's suggestion, the limitation on enforcement that appears at § 1681a-2(d), specifying that § 1681s-2(a) shall be enforced exclusively by the federal agencies and officials and state officials identified in § 1681s, does not give rise to the negative implication that § 1681s-2(b) (not mentioned in § 1681a-2(d)) is subject to unlimited enforcement, including by private parties. As a threshold matter, we are not convinced that Nissan violated any § 1681s-2(b) duty by failing to notify consumer reporting agencies of Geeslin's dispute regarding the involuntary repossession of her vehicle.[5] Neither is it clear that § 1681s-2(b) imposes any duties on creditors toward debtors; the duties listed therein are for the benefit of the credit reporting agencies.[6] Even assuming arquendo that (1) Nissan violated some § 1681s-2(b) duty and (2) the duty runs to the benefit of the creditor, Geeslin has provided no authority for implication of a

_____

[4] Id. at 783-84 (quoting Automotive Group v. Central Garage, Inc., 124 F.3d 720, 730 (5th Cir.1997)).

[5] Although Geeslin disputed whether she in fact was in default in the district court, she has not re-urged that issue on appeal.

[6] See Carney v. Experian Info. Solutions, Inc., 57 F. Supp.2d 496, 502 (W.D. Tenn. 1999).

private cause of action.  Federal courts are extremely reluctant to imply private remedies for violations of federal statutes, especially where as here Congress has established an elaborate administrative mechanism for enforcement.[7]

AFFIRMED.

---

[7] See Cort v. Ash, 422 U.S. 66 (1975); Olsen v. Shell Oil Co., 561 F.2d 1178, 1180 (1977).