Margaret THOMASSON, et al.

v.

BANK ONE, LOUISIANA, N.A.

No. Civ.A. 00–3649.

United States District Court, E.D. Louisiana.

April 4, 2001.

Paula Anne Perrone, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, LA, for plaintiff.

John William Hite, III, Sessions, Fishman & Nathan, LLP, New Orleans, LA, Brian David Roth, Sessions, Fishman & Nathan, LLP, Mandeville, LA, for defendant.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, defendant's motion is DENIED in part and GRANTED in part.

### I. BACKGROUND

Plaintiff Margaret Thomasson ("Thomasson") contracted with First National Bank of Commerce for a loan on September 4, 1998. The consumer loan was secured by a $5,000.00 certificate of deposit owned by plaintiff Eliza Thomasson Holland and payments were deducted automatically from Thomasson's Smith Barney account each month.

Defendant Bank One of Louisiana, N.A. ("Bank One") acquired First National Bank of Commerce and correspondingly Thomasson's loan. In November of 1998 soon after the acquisition, Thomasson began to experience problems with the electronic crediting of her loan payments. Bank One notified Thomasson that her payments were late and that they intended to report her delinquency to a credit bureau. After receiving several communications from a debt collector, Thomasson explained the problems with the electronic crediting of her loan payments to Bank One who apparently promised that debt collection and erroneous reporting would cease. Nevertheless, Thomasson claims that Bank One continued to demand payments from her and report the alleged delinquencies to credit reporting agencies.

Thomasson filed suit against Bank One alleging claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Louisiana's Unfair Trade Practices and Consumer Protection Law, La. Civ.Code Ann. art. 2298, and for negligent infliction of emotional distress. Bank One now moves to dismiss plaintiffs' federal law claims.

### II. MOTION TO DISMISS STANDARD

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a district court should construe the complaint liberally in favor of the plaintiff, assuming all factual allegations to be true. *See Leleux v. United States,* 178 F.3d 750, 754 (5th Cir.1999). A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997)).

### III. ANALYSIS

#### A. Fair Credit Reporting Act

The Fair Credit Reporting Act ("FCRA") imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. *See* 15 U.S.C. § 1681, *et seq.* Defendant argues that plaintiffs' claims pursuant to the FCRA should be dismissed because it is not a "consumer reporting agency" as defined by the statute. *See id.* § 1681a(d)(2)(f). Because plaintiffs assert that defendant did nothing more than furnish information to a credit reporting agency, Bank One

contends that it cannot be subject to liability under the FCRA. Plaintiffs respond that they assert valid claims against defendant as a furnisher of information rather than a credit reporting agency.

■ Section 1681s–2(b) explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to conduct an investigation and report the results to the appropriate consumer reporting agencies. *See id.* § 1681s–2(b). The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of § 1681s–2(b). *See Whitesides v. Equifax Credit Info. Serv.,* 125 F.Supp.2d 807, 812 (W.D.La.2000); *McMillan v. Experian Info. Serv., Inc.,* 119 F.Supp.2d 84, 88 (D.Conn.2000); *Olexy v. Interstate Assurance Co.,* 113 F.Supp.2d 1045, 1047–48 (S.D.Miss.2000); *DiMezza v. First USA Bank, Inc.,* 103 F.Supp.2d 1296, 1300 (D.N.M.2000); *Dornhecker v. Ameritech Corp.,* 99 F.Supp.2d 918, 927 (N.D.Ill. 2000); *Campbell v. Baldwin,* 90 F.Supp.2d 754, 756 (E.D.Tex.2000). *But see Carney v, Experian Info. Solutions, Inc.,* 57 F.Supp.2d 496, 502 (W.D.Tenn.1999) (finding statutorily created obligation imposed on furnisher is owed to consumer reporting agency and not to consumer).

Bank One, although correctly distinguishing itself from a "credit reporting agency" as defined by the FCRA, does qualify as a furnisher of credit information under the Act. 15 U.S.C. § 1681a(d). While the FCRA fails to define a "furnisher of information," Bank One satisfies the definition furnished by the courts. *See Whitesides,* 125 F.Supp.2d at 812 (classifying Bank of Louisiana as furnisher of information under the FCRA); *DiMezza,* 103 F.Supp.2d at 1299 (adopting definition from *Carney,* 57 F.Supp.2d at 501); *Carney,* 57 F.Supp.2d at 501 ("defining furnisher of information" as entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency). Bank One admits to providing information regarding Thomasson's loan account to credit reporting agencies and therefore classifies as a "furnisher of information" under the FCRA. *See Whitesides,* 125 F.Supp.2d at 812. Accordingly, plaintiffs may raise a cause of action against defendant pursuant to section 1681s–2(b). *See id.*

**B. Fair Debt Collection Practices Act**

■ Bank One argues that it is not subject to liability under the Fair Debt Collection Practices Act ("FDCPA") because it collects only on debts owed it and therefore is not a "debt collector" under the terms of the statute. 15 U.S.C. § 1692a(6). Plaintiffs respond that they do not claim that Bank One acted as the primary debt collector; rather, they allege that Bank One employed a third party or subsidiary on its behalf to collect on the debt.

■ The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors." *Id.* § 1692(e). The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Creditors who use a third party name to collect on their own debts are also considered debt collectors under the Act. *See id.* A debt collector, however, is not

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is (i) incidental to a bona

fide fiduciary organization or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

*Id.* § 1692a(F). Because Bank One may have employed a third party or a subsidiary agent to collect the debt on its behalf, plaintiffs argue that defendant may be liable under the FDCPA.

Bank One fails to qualify as a "debt collector" under the FDCPA because plaintiffs allege no facts that would subject defendant to liability. Plaintiffs complain that Bank One attempted to collect on outstanding loan payments owed by Thomasson to Bank One. In collecting on its own debts, Bank One does not meet the criteria of a "debt collector" pursuant to the FDCPA. *See Id.* § 1692a(F); *Bacon v. Southwest Airlines Co.,* 1999 WL 134569 at *2 (N.D.Tex. March 5, 1999). Moreover, Bank One is not a "debt collector" because as a bank it primarily loans money to consumers rather than collects outstanding debts. *See Zsamba v. Community Bank* 63 F.Supp.2d 1294, 1300 (D.Kan. 1999) (concluding principal purpose of bank was lending money and collection of debt); *KPMG Peat Marwick v. Texas Commerce Bank,* 976 F.Supp. 623, 632 (S.D.Tex.1997) (dismissing Texas Commerce Bank because it acted to recover debts on its own behalf); *see also Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985) (finding FDCPA inapplicable to mortgage servicing company and its assignee). Plaintiffs, therefore, fail to state a proper cause of action against defendant under the FDCPA.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED with re-spect to plaintiffs' Fair Credit Reporting Act claims and GRANTED with respect to plaintiffs' Fair Debt Collection Practices Act claims. Accordingly, plaintiffs' claims against defendant pursuant to the Fair Credit Reporting Act are DISMISSED.