Richard L. SHEFFER, Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., et
al., Defendants.

No. CIV.A. 02–7407.

United States District Court,
E.D. Pennsylvania.

Feb. 14, 2003.

James A. Francis, Francis & Mailman, PC, Philadelphia, PA, Thomas J. Lyons, Jr., Thomas Lyons & Assoc., Little Canada, MN, for Plaintiff.

Robert O. Lindefjeld, Shweta Gupta, Jones, Day, Reavis & Pogue, Pittsburgh, PA, Catherine Olanich Raymond, Christie Pabarue, Mortensen & Young PC, Philadelphia, PA, Lewis P Perling, Kilpatrick Stockton LLP, Atlanta, GA, for Experian Information Solutions, Inc., Equifax Information Services, LLC.

Bruce S. Luckman, Timothy P. Creech, Satzberg, Trichon, et al., Philadelphia, PA, for Trans Union, LLC.

Abraham J. Colam, Buchalter, NEmer, Fields & Younger, Los Angeles, CA, for Sears & Roebuck Co.

### MEMORANDUM AND ORDER

SCHILLER, District Judge.

Plaintiff Richard L. Sheffer commenced this action against Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, Equifax, Inc., Trans Union, LLC, and Sears Roebuck & Co. ("Sears"). Defendant Sears has moved to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). This case presents an issue under the Fair Credit Reporting Act that has not been addressed in a reported opinion by this Court or the United States Court of Appeals for the Third Circuit, and I hold that 15 U.S.C. § 1681s–2(b) provides consumers with a private right of action against credit furnishers. Consistent with this holding and for the additional reasons set forth below, I deny Sears's motion.

### I. BACKGROUND

According to the allegations in Plaintiff's Complaint,[1] Mr. Sheffer opened a Sears charge account in January 1993. (Compl.¶ 17.) Without obtaining Mr. Sheffer's consent, Sears subsequently converted this charge account to a Sears Mastercard account and closed the charge account. (Compl.¶¶ 19–21.) Moreover, Sears later merged Plaintiff's Sears Mastercard account with that of a former Sears customer who was deceased. (Compl.¶ 24.) Because of this error, Plaintiff's credit reports, prepared by the other Defendants in this action, included a

notation that Mr. Sheffer was deceased. (Compl.¶¶ 30, 35, 40, 45.) Plaintiff alleges that this error created difficulties with his creditors, harmed his credit rating, and caused him to expend considerable effort in attempting to have the error corrected. (Compl.¶¶ 130–31, 135–36.) In addition to bringing claims against certain credit reporting agencies, Plaintiff is suing Sears for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 (2002) *et seq.*, and defamation.

### II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.,* 237 F.3d 270, 272 (3d Cir.2001). Furthermore, a motion to dismiss will only be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### III. DISCUSSION

In its motion, Sears contends that Plaintiff's claim under the FCRA should be dismissed because consumers have no private right of action against a credit furnisher under 15 U.S.C. § 1681s–2(b). In the alternative, Sears argues that Mr. Sheffer's allegations are legally insufficient because Plaintiff has failed to allege that a credit reporting agency has sent a dispute verification form to Sears. Sears also

---

1. In ruling on Sears's motion to dismiss pursuant to Rule 12(b)(6), the Court is required to accept the truth of the allegations set forth in Plaintiff's Complaint.

moves for the dismissal of Mr. Sheffer's defamation claim, arguing that the claim is preempted by the FCRA.

■ With respect to the issue of whether § 1681s–2(b) creates a cause of action for a consumer against a furnisher of credit information, Sears correctly notes that courts have reached different conclusions.[2] However, a clear majority of courts that have addressed this issue has "effectively recognized Congress' obvious intent [to] create a private cause of action through § 1681s–2." *Vazquez–Garcia v. Trans Union De P.R., Inc.*, 222 F.Supp.2d 150, 155 (D.P.R.2002); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1058 (9th Cir.2002) (describing purpose of § 1681s–2(b) as "provid[ing] some private remedy to injured consumers"). The reasoning in support of the majority view has been aptly summarized:

> The civil liability sections, 15 U.S.C. § 1681n and 1681o, explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is "negligent in failing to comply." Absent any explicit limitation, the plain language of 15 U.S.C. §§ 1681n, 1681o, 1681s–2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of § 1681s–2(a) is that they are preserved in § 1681s–2(b). Accordingly, the plain language of the Fair Credit Reporting Act compels the conclusion that there is

a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information.

*DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296, 1300 (D.N.M.2000). Consistent with this reasoning, I conclude that § 1681s–2(b) provides consumers with a private right of action against a furnisher of credit information.

■ Sears also argues that the facts Plaintiff has pleaded in his Complaint are insufficient to state a claim for a violation of § 1681s–2(b). Specifically, Sears argues that under § 1681s–2(b) Plaintiff must allege that Sears failed to respond to a credit agency's notification that Plaintiff disputed certain information. With respect to Plaintiff's factual allegations, Sears states that "[t]he only direct allegations directed at Sears state that Plaintiff advised Sears *directly* of the error in Plaintiff's credit report, and that Sears failed to respond." (Def. Sears's Mot. to Dismiss at 6 (emphasis in original).) Sears's argument mischaracterizes Mr. Sheffer's allegations. In his Complaint, one of Mr. Sheffer's overriding assertions is that he contacted several credit agencies to dispute the "deceased" notation, and those credit reporting agencies informed him that they had investigated the disputed information. The notation, however, was not initially removed from his credit report. (Compl. ¶¶ 28–59, 75–76.) That is, Plaintiff's FCRA claim does not turn solely on the fact that Plaintiff contacted Sears directly, but includes allegations that, at the very least, create the reasonable inference that Sears failed to adequately respond to the credit reporting agencies' investigatory inquiries.[3] For purposes of

---

2. Sears principally relies on *Carney v. Experian Information Solutions, Inc.*, 57 F.Supp.2d 496 (W.D.Tenn.1999). This decision has been described as "baffling." *DiMezza*, 103 F.Supp.2d at 1301.

3. Under the FCRA, a credit reporting agency that has received a notice of a dispute from a

ruling on a motion to dismiss, courts "must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them," *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001), and, thus, Sears's argument cannot succeed.

█ Lastly, Sears contends that Plaintiff's defamation claim is preempted by the FCRA's immunity provisions. *See* 15 U.S.C. §§ 1681h(e) and 1681t(b)(1). These immunities, however, may not apply when "false information [is] furnished with malice or willful intent to injure." *Vazquez–Garcia*, 222 F.Supp.2d at 162 (*quoting* 15 U.S.C. § 1681h(e)). Here, Mr. Sheffer has alleged such willfulness (Compl.¶¶ 129, 131–32), and, as such, his defamation cannot be dismissed at this stage of the proceedings.

## IV. CONCLUSION

Accordingly, I deny Defendant Sears's motion to dismiss. An appropriate Order follows.

### *ORDER*

**AND NOW**, this day of **February, 2003**, upon consideration of Defendant Sears Roebuck & Co.'s Motion to Dismiss, Plaintiff Richard L. Sheffer's response thereto, and Defendant's reply thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant Sears Roebuck & Co.'s Motion to Dismiss (Document No. 25) is **DENIED**.

consumer is required to promptly provide notification of that dispute to the furnisher of the relevant credit information. *See* 15 U.S.C. § 1681i(a)(2). Thus, in light of Plaintiff's allegations, it appears that Sears would have been notified by the Defendants about the disputed information in Plaintiff's credit report unless those credit reporting agencies

2. Defendant Sears Roebuck & Co.'s Motion to Strike Exhibits to Plaintiff's Opposition to Defendant's Motion to Dismiss is **DENIED** as moot.

were acting in violation of the FCRA. In any event, this issue is one appropriately resolved after discovery has been completed. *See Sullivan v. Equifax, Inc.*, Civ. A. No. 01–4336, 2002 WL 799856, at *2 n. 3, 2002 U.S. Dist. LEXIS 7884, at * 6 n. 3 (E.D.Pa. April 19, 2002).