**Donna GORDON and Lovelle Gordon, Plaintiffs,**

v.

**GREENPOINT CREDIT; and Bankamerica Housing Services Defendants.**

No. 4:02–CV–90607.

United States District Court, S.D. Iowa, Central Division.

June 11, 2003.

Robert E. McKenny, Waukee, IA, Thomas M. Werner, Des Moines, IA, for Plaintiffs.

Chip J. Lowe, Jeffrey A. Kelso, Des Moines, IA, for Defendants.

## MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

## I. INTRODUCTION

In an April 4, 2003 Order, the Court noted that Plaintiffs had incorrectly identified Defendants as "credit reporting institutions" in stating a cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA). As well, the Court expressed concern regarding whether this Court has subject matter jurisdiction over Plaintiffs' claims. Rather than dismiss the case for want of subject matter jurisdiction, however, the Court granted Plaintiffs leave to offer proof of jurisdiction. Plaintiffs responded on April 28 by filing an Amended Complaint stating two claims against Defendants as "furnishers of information to consumer reporting agencies" under § 1681s–2 (b) of the FCRA.[1] Plaintiffs' Amended Complaint also states two state common law claims against Defendants for defamation and negligence.

Defendants challenge the Amended Complaint on two grounds: that § 1681s–2(b) does not create a private cause of action for consumers against a furnisher of information; and that the FCRA preempts and prohibits state law claims against furnishers of information. Defendants have not filed a specific motion challenging Plaintiffs' Amended Complaint, but Defendants' arguments are akin to a motion for judgment on the pleadings under Fed. R.Civ.P. 12(c), or a challenge for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). The Court will, therefore, address Defendants' Resistance to Plaintiffs' Amended Complaint accordingly.

## II. BACKGROUND

In July 1997, Plaintiffs obtained financing for the purchase of their mobile home from Defendant BankAmerica Housing Services. The finance agreement was subsequently sold to Defendant Greenpoint Credit in 1998. Among its terms, the signed Retail Installment Contract states that the lender can share information about the Plaintiffs and Plaintiffs' account with credit reporting agencies and the lender can sell information about the Plaintiffs to all others who may lawfully receive such information.

In June of 2002, Plaintiffs attempted to purchase a boat from Inland Marine of Polk City, Iowa. After selecting the boat they wished to purchase, Inland Marines's financial manager assisted them in applying for a loan of $10,000. Plaintiffs' financing application was subsequently denied by two banking institutions because Plaintiffs' credit report indicated a poor credit histo-

---

**1.** Plaintiffs' amended complaint lists a third cause of action under the FCRA, but Plaintiffs have given notice of an intent to dismiss this claim with prejudice. As Defendants have not yet responded to Plaintiffs' amended com-
plaint, Plaintiffs may dismiss this claim without order of the Court pursuant to Fed. R.Civ.P. 41(a)(1). Accordingly, Plaintiffs' third claim is dismissed with prejudice.

ry. After receiving the loan denials from these two institutions, Plaintiffs obtained a copy of their current credit report from Equifax Credit and Trans Union. The Equifax report stated that the Plaintiffs had been delinquent in a number of monthly payments to Defendants Bank-America Housing Services and Greenpoint Credit.

Plaintiffs claim that at all times from the date they obtained their loan from Bank-America to the present date, they have always mailed their monthly loan payments to Defendants in a timely manner, and the payments have always been received before the monthly due date. Even though Plaintiffs claim they were never late with monthly payments, the credit reports obtained by Inland Marine when Plaintiffs attempted to purchase a boat reflected a number of delinquent payments based on information furnished by Defendants. As a result of the credit reports, both of the potential lenders refused Plaintiffs' loan application for the boat. When Plaintiffs were able to obtain a loan for the boat, they paid a higher interest rate as a result of the credit report. Plaintiffs contacted the Defendants to remedy the erroneously reported information, but Defendants offered no assistance or response. Plaintiffs then contacted Equifax to dispute the information. Equifax contacted Defendants to investigate the dispute, but Defendants again took no action to correct the errors.

Plaintiffs' Amended Complaint states two claims alleging non-compliance with the Fair Credit Reporting Act, 15 U.S.C.S. § 1681 *et seq.*, and pendant state law claims alleging defamation and negligence. Specifically, Plaintiffs contend that Defendants reported false or inaccurate information regarding Plaintiffs' account to credit reporting agencies and then failed to conduct an investigation once notified of the disputed information. Plaintiffs request awards for actual damages, compensatory damages, punitive damages, attorney fees, and statutory interest.

## III. DISCUSSION

### A. Whether § 1681s–2 (b) creates a private cause of action

In their original complaint, Plaintiffs erroneously identified Defendants as credit reporting institutions and stated causes of actions based on an alleged failure to adopt reasonable procedures to ensure the maximum possible accuracy of reported information pursuant to § 1681e (b). In an earlier Order, the Court noted that Defendants were "furnishers of information" rather than credit reporting institutions and that Plaintiffs could not maintain a cause of action under § 1681e. The Court further noted that Plaintiffs' complaint alleged only facts challenging the accuracy of Defendants' furnished information and nothing suggesting that Defendants had failed to investigate the disputed information. As Plaintiffs had challenged only the accuracy of information furnished by Defendants, Plaintiffs' claim under the FCRA fell under the scope of § 1681s–2 (a). Because Congress left enforcement of this section solely to Federal and State agencies and officials, Plaintiffs could not maintain a private cause of action against Defendants for failing to provide accurate information to credit reporting institutions. The Court, therefore, gave Plaintiffs leave to amend their complaint or to offer some other proof of this Court's subject matter jurisdiction over their claims.

Plaintiffs filed an Amended Complaint alleging that Defendants failed to investigate the accuracy of the furnished information after being notified of the dispute by a credit reporting agency. As such, Plaintiffs now assert claims for willful and negligent noncompliance with § 1681s–2

(b) of the FCRA. Defendants, however, have challenged the amendments, arguing that § 1681s–2(b) does not provide a private cause of action for consumers against furnishers of information. The Court disagrees.

■ The FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to any consumer. 15 U.S.C. § 1681n (willful noncompliance), § 1681o (negligent noncompliance). As it relates to furnishers of information to consumer reporting agencies, the FCRA sets forth two general requirements: the duty to provide accurate information (15 U.S.C. § 1681s–2 (a)); and the duty to investigate the accuracy of reported information upon receiving notice of a dispute (§ 1681s–2 (b)). Without more, the terms of §§ 1681n and 1681o would allow a consumer to recover from a furnisher of information for any willful or negligent failure to meet these duties. The FCRA, however, expressly excludes § 1681s–2(a) from the purview of §§ 1681n and 1681o, instead leaving enforcement of § 1681s–2 (a) to the Federal and State agencies and officials identified in § 1681s. 15 U.S.C. §§ 1681s–2 (c), 1681s–2(d). This express limitation on liability makes no mention of § 1681s–2 (b). As the FCRA imparts civil liability to any person who willfully or negligently fails to comply with any of the Act's requirements, and Congress has not expressly excluded § 1681s–2 (b) or furnishers of information from this potential liability, the Court holds that a consumer can maintain a private cause of action against a furnisher of information for willful or negligent noncompliance with § 1681s–2 (b).

In reaching its conclusion, the Court notes that the Eighth Circuit has not yet addressed this question. The majority of courts that have considered the issue, however, concur with this Court's holding. *See. e.g. Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057 (9th Cir.2002); *Yutesler v. Sears Roebuck & Co.,* 263 F.Supp.2d 1209 (D.Minn.2003). *Vazquez–Garcia v. Trans Union De Puerto Rico,* 222 F.Supp.2d 150, 155 (D.Puerto Rico 2002); *Hawthorne v. Citicorp Data Systems, Inc.,* 216 F.Supp.2d 45 (E.D.N.Y. 2002); *Thomasson v. Bank One, Louisiana, N.A.,* 137 F.Supp.2d 721, 723 (E.D.La.2001); *McMillan v. Experian Information Services, Inc.,* 119 F.Supp.2d 84, 86 (D.Conn.2000); *DiMezza v. First USA Bank, Inc.,* 103 F.Supp.2d 1296, 1300 (D.N.M.2000); *Dornhecker v. Ameritech Corp.,* 99 F.Supp.2d 918 (N.D.Ill.2000); *Campbell v. Baldwin,* 90 F.Supp.2d 754, 756 (E.D.Tex.2000). Defendants, however, rely on *Carney v. Experian Information Solutions, Inc.,* 57 F.Supp.2d 496, (W.D.Tenn.1999), the one case in which a court found otherwise.[2] In *Carney,* the District Court reasoned that the duties described in § 1681s–2 (b) "appear to exist solely for the benefit of consumer reporting agencies," and a furnisher of information's duty under § 1681s–2 (b) "is owed only to the consumer reporting agency not to the consumer." *Carney,* 57 F.Supp.2d at 502. As such, the *Carney* court concluded that a consumer cannot state a claim under § 1681s–2(b). *Id.* This Court can agree with some of the *Carney* court's reasoning, but not its conclusion.

■ Congress enacted the FCRA, not because of some over-arching sympathy for credit reporting agencies, but to protect the rights of individual consumers and

---

**2.** In an unpublished per curiam opinion, the Fourth Circuit recently cited *Carney* with approval, but without elaboration. *See Beattie* *v. Nations Credit Fin. Serv. Corp.,* 65 Fed. Appx. 893, 898 (4th Cir.2003).

the integrity of the banking system as a whole. As the Act states from the outset, "inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). Much of the FCRA is directed specifically to credit reporting agencies. The Act mandates that these institutions adopt reasonable procedures to ensure the maximum possible accuracy of a consumer's credit file and places limits on to whom and for what purpose a credit reporting agency may disclose a consumer's private credit information. If a credit reporting agency fails in its duties under the FCRA, the Act allows a consumer to protect his or her rights by filing a lawsuit in federal court.

As the alleged facts in this case show, however, inaccuracies come not only from credit reporting agencies, but also from the institutions that furnish information to the reporters. To the individual consumer who is denied credit because of inaccurate information on his or her credit report, the source of the error is of little matter. As noted, the FCRA mandates that credit reporting agencies follow reasonable procedures to ensure the maximum possible accuracy in the consumer's credit report. § 1681e (b). The three main credit reporting agencies, Equifax, Experian, and Transunion, receive and report credit information from countless sources regarding an even greater number of consumers. Asking these institutions to independently investigate and verify all furnished information is not reasonable. The FCRA, therefore, imparts the duty to provide accurate information with the furnishers of information. § 1681s–2 (a). To prevent the glut of cases in the federal courts that would result if every consumer could sue anytime he or she disputed the accuracy of furnished information, Congress wisely limited enforcement of this section to government agencies.

Simply stating that furnishers of information have a duty to provide accurate information, however, cannot prevent the occurrence of error. Accordingly, the FCRA imparts a second duty on furnishers of information, the duty to investigate disputed information once notified of the dispute by the credit reporting agency. § 1681s–2 (b). The FCRA further mandates that the credit reporting agencies are to be an integral part of this investigation process. As the alleged facts of this case show, requiring an investigation is no guarantee that errors will be corrected. In such a case, just as it is unreasonable to expect a credit reporting agency to verify the accuracy of every piece of furnished information, it is equally-if not more so-unreasonable to ask the credit reporting agency to undergo the burden and expense of bringing a federal action each and every time a consumer is unsatisfied with the results of an investigation. Under this scenario, protection of the consumer's rights is left to the credit reporting agency, who in turn would be forced to take on the role of a de facto attorney general with only the threat of suit as motivation. One can hardly expect such a scheme to protect the rights of the consumer.

Instead of compelling a credit reporting agency to act as an attorney general on behalf of all consumers, the FCRA provides that a consumer may hold any person liable for failing to comply with any of the Act's requirements. A consumer who is dissatisfied with the results-or lack thereof-of the investigation undertaken by a furnisher of information may, therefore, protect his or her rights by filing a private cause of action against the furnisher of information in federal court. By creating this private cause of action against a furnisher of information, § 1681s–2 (b) of the

FCRA protects the credit reporting agency that has followed reasonable procedures designed to ensure the maximum possible accuracy of reported information by relieving the agency of the the threat of litigation by an injured consumer and the burden of litigating the rights of all consumers. As well, allowing a consumer to bring a private cause of action against a furnisher of information when the furnisher has failed to adequately investigate disputed information ensures that the injured party, the consumer, maintains the power to protect his or her individual rights. The Court, therefore, can agree with the court in *Carney* somewhat, in that § 1681s–2 exists partially for the benefit of the credit reporting agency. Given, however, that the stated purpose of the FCRA is to protect the rights of the consumer, that § 1681s–2 (b) creates a private right of action for a consumer against a furnisher of information is the only possible conclusion that both realizes this benefit and protects the consumer.

## B. State law preemption

Defendants also argue that Plaintiffs' state common law claims for defamation and negligence are preempted by the FCRA. In considering this issue, the Court is faced with two seemingly conflicting statutory sections. The FCRA includes two preemption sections that address Plaintiffs' state law claims, one general and one more specific. A general preemption section was added with Congress's 1996 amendments to the FCRA at § 1681t (b)(F):

> (b) General exceptions. No requirement or prohibition may be imposed under the laws of any State—
> (1) with respect to any subject matter regulated under-
> (F) section 623 [15 U.S.C. § 1681s–2], relating to the responsibilities of persons who furnish information to consumer reporting agencies ...

The original and more specific preemption provision at § 1681h (e) states in relevant part:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ... any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer.

Defendants urge the Court to apply the general provision to completely preempt Plaintiffs' state law claims as some courts have done. *See e.g. Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 362 (E.D.Pa.2001) ("The plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting. To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action"). To do so, however, would require the Court to ignore or completely nullify § 1681h (e). This the Court is unwilling to do.

Other courts have attempted to distinguish between the two preemption sections based on the time period to which the state law claim relates. *See Vazquez–Garcia*, 222 F.Supp.2d at 161–63 (citing *Aklagi v. Nationscredit Fin. Servs. Corp.*, 196 F.Supp.2d 1186, 1193–96 (D.Kan.2002)). In *Aklagi*, the Court identified two discrete time periods covered by the two preemption sections. *Aklagi*, 196 F.Supp.2d at 1194–96. Under the *Aklagi* court's analysis, the first time period ends once the furnisher of information receives notice of the dispute. *Id.* The court reasoned that § 1681s–2 does not apply to the

time period before the furnisher of information receives notice of the dispute, and, therefore, preemption of claims during this time period is governed by § 1681h (e). *Id.* The second time period begins once the furnisher of information receives notice of the dispute, triggering the duty to investigate. As the duty to investigate is specifically required by § 1681s–2 (b), the *Aklagi* court concluded that state law claims involving this time period are preempted by § 1681t (b)(F). *Id.*

 This Court finds the time period analysis strained at best. As the court in *Aklagi* conceded, § 1681s–2 (a)(1)(A) charges furnishers of information with a duty to report accurate information regardless of whether the furnisher has notice of the dispute. *See Aklagi,* 196 F.Supp.2d at 1195. As such, the argument that § 1681s–2 applies only after the furnisher of information receives notice of the dispute must fail. Regardless, the Court remains unwilling to disregard the more specific preemption provisions of § 1681h (e). Rather, the Court notes that § 1681t (b) is a general preemption provision both by its terms and its given moniker. *See* § 1681t (b) (entitled General exceptions). In contrast, § 1681h (e) contains a more specific preemption clause. Under the familiar principles of statutory construction, "a general statute must yield when there is a specific statute involving the same subject matter." *Craighead Elec. Coop. Corp. v. City Water & Light Plant,* 278 F.3d 859, 861 (8th Cir.2002). As the Court could analyze Plaintiffs' state law claims under either § 1681t (b) or § 1681h (e), the Court holds that the more specific statute, § 1681h (e), must govern the question of preemption.

 Although the Court has found that § 1681h (e) applies to Plaintiffs' state law claims, this conclusion does not answer the ultimate question of preemption. Under § 1681h (e), causes of action sounding in defamation or negligence are preempted unless the false information was furnished with malice or willful intent to injure the consumer. Although the FCRA does not define malice or willful intent, the Eighth Circuit has equated the malice or willful intent standard to the *New York Times Co. v. Sullivan* standard that a statement be made with "knowledge that it was false or with reckless disregard of whether it was false or not." *Yutesler,* 263 F.Supp.2d at 1212 (citing *Thornton v. Equifax, Inc.,* 619 F.2d 700, 703 (8th Cir.1980) (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964))). In their amended complaint, Plaintiffs allege that Defendants furnished inaccurate information and failed to undertake the required investigation to correct the error either knowingly or with reckless disregard for the truth. Accordingly, Plaintiffs' state law claims for negligence and defamation are not preempted by § 1681h (e).

## IV. ORDER

Plaintiffs' application for leave to amend their complaint is granted. With the exception of Plaintiffs' third claim, which Plaintiffs have voluntarily dismissed, the Court has received and accepts Plaintiffs' complaint in its amended form. Plaintiffs have adequately stated causes of action under the FCRA against Defendants as furnishers of information. Plaintiffs' state law claims for negligence and defamation are not preempted by the FCRA. Defendants' resistance to the amended complaint has been considered and any motion implied in the resistance is denied. Defendants' Motion for oral argument is denied as moot.

IT IS SO ORDERED.