371 F.Supp.2d 1058 (2005)
Miklos HUROCY, Plaintiff,
v.
DIRECT MERCHANTS CREDIT CARD BANK, N.A., Defendant.
No. 4:03CV1432CEJ.
United States District Court, E.D. Missouri, Eastern Division.
June 6, 2005
*1059 Larry P. Smith, Melanie Leonard, Krohn and Moss, Chicago, IL, for Plaintiff.
John W. Moticka, John R. Phillips, Stinson and Morrison, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
JACKSON, District Judge.
This matter is before the Court on the motion of defendant Direct Merchants Credit Card Bank, N.A., (Direct Merchants) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes the motion and the issues are fully briefed.
Plaintiff Miklos Hurocy brings this action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, et seq. He alleges that defendant Direct Merchants, a furnisher of information under 15 U.S.C. § 1681s-2, willfully and negligently (1) failed to conduct an investigation after receiving notice of disputed information, (2) failed to review all information relevant to the disputed account, (3) failed to inform the credit reporting agencies of inaccuracies, (4) continued to furnish inaccurate reports, and (5) failed to comply with the requirements imposed by the FCRA on furnishers of information. Plaintiff seeks an award of statutory, actual and punitive damages, and attorneys' fees and costs.
I. Legal Standard
Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
II. Discussion
Defendant moves for summary judgment, arguing that, under the FCRA, furnishers of information do not owe duties to consumers. Even if a duty is owed to plaintiff, defendant argues, it has fulfilled all obligations under the FCRA. Finally, in the event that it breached a duty owed to plaintiff, defendant contends that plaintiff cannot establish that he suffered damage or that defendant's conduct was willful.
The FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to a consumer. § 1681n, § 1681o. Furnishers of information, such as defendant, have a duty to provide accurate *1060 information, § 1681s-2(a), and a duty to investigate the accuracy of reported information upon receiving notice of a dispute, 1681s-2(b). Exclusive enforcement of the duty under § 1681s-2(a) is expressly assigned to Federal and State agencies and officials. § 1681s-2(d). Defendant contends that consumers such as plaintiff similarly have no cause of action for violations of the duty created by § 1681s-2(b).
The Court finds that the FCRA permits a consumer to bring a claim under § 1681s-2(b) against a furnisher of information. The majority of courts considering this issue have reached the same conclusion. Gordon v. Greenpoint Credit, 266 F.Supp.2d 1007, 1010 (S.D.Iowa 2003) (listing cases); see also Johnson v. MBNA America Bank, N.A., 357 F.3d 426, 428 (4th Cir.2004); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1058 (9th Cir.2002); Zotta v. NationsCredit Financial Services Corp., 297 F.Supp.2d 1196, 1204 n. 6 (E.D.Mo.2003); Bruce v. First U.S.A. Bank, N.A., 103 F.Supp.2d 1135, 1143 (E.D.Mo.2000). But see Carney v. Experian Information Solutions, Inc., 57 F.Supp.2d 496, 502 (W.D.Tenn.1999) (under the FCRA, furnishers of information owe a duty only to consumer reporting agencies and not to consumers). Congress did not expressly exclude enforcement by consumers of such actions, as it did with actions under § 1681s-2(a). Furthermore, "Congress enacted the FCRA ... to protect the rights of individual consumers and the integrity of the banking system as a whole." Gordon, 266 F.Supp.2d at 1010-11. The Court agrees with the reasoning in Gordon that protection of the consumer is best served by allowing a private cause of action by a consumer against the furnisher of inaccurate information. Id. at 1011-12.
Upon receiving a notice of dispute from a credit reporting agency, a furnisher of information must:
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency ...;
(C) report the results of the investigation to the consumer reporting agency; [and]
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
15 U.S.C. § 1681s-2(b)(1).
The FCRA does not define the level of investigation required under § 1681s-2(b)(1). Courts have determined that furnishers of information are required to conduct a "reasonable" investigation of a consumer's dispute regarding information contained in a credit report. Bruce, 103 F.Supp.2d at 1143 (analogizing to the "reasonableness" requirement imposed under § 1681i(a) upon credit reporting agencies); Evantash v. G.E. Capital Mortgage Services, Inc., 2003 WL 22844198 (E.D.Pa. Nov.25, 2003) (adopting standard set forth in Bruce). Whether a reasonable investigation has been conducted is generally a question of fact for the jury. Bruce, 103 F.Supp.2d at 1143.
It is undisputed that plaintiff complained about the inclusion in his credit report of credit account information furnished by the defendant. After the defendant became aware of plaintiff's complaint, it sent instructions to two credit agencies, TransUnion and Equifax, directing them to delete the Direct Merchants account information from plaintiff's credit report. There is, however, a material factual dispute as to whether the defendant sent the *1061 same instructions to a third credit agency, Experian. This factual dispute precludes the entry of summary judgment.
Defendant next argues that plaintiff has no evidence that he sustained damages as the result of defendant's actions. Actual damages under the FCRA may include damages for humiliation or mental distress, even if the consumer has suffered no out-of-pocket losses, as well as damages for injury to reputation and creditworthiness. Cousin v. Trans Union Corp., 246 F.3d 359, 369 (5th Cir.2001). See also Philbin v. Trans Union Corp., 101 F.3d 957, 963 n. 3 (3rd Cir.1996) (summary judgment improper where plaintiff stated he experienced humiliation and embarrassment as a result of credit denials based on false report); Guimond v. Trans Union Credit Information Co., 45 F.3d 1329, 1332-33 (9th Cir.1995) (permitting FCRA damages based on claims of emotional distress only). Based on the plaintiff's deposition testimony, the Court cannot say that plaintiff, as a matter of law, is not entitled to recover damages for emotional distress.
With respect to plaintiff's prayer for punitive damages, § 1681n, provides that "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of ... such amount of punitive damages as the court may allow." § 1681n. To establish willful noncompliance with the FCRA, plaintiff must show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of others, but he need not show malice or evil motive. Philbin, 101 F.3d at 970. The parties agree that one of the defendant's employees made an inaccurate response to a request by Experian for information regarding plaintiff's account. However, as discussed above, it is disputed whether the defendant directed Experian to delete the account information from plaintiff's credit history. Under the present circumstances, the Court finds that the defendant is not entitled to judgment as a matter of law on the issue of whether it willfully violated the FCRA.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment [# 47, # 54] is denied.