**Jennifer EHRHEART, individually and on behalf of all others similarly situated**

v.

**LIFETIME BRANDS, INC., d/b/a Pfaltzgraff, et al.**

**No. CIV.A. 07–1433.**

United States District Court, E.D. Pennsylvania.

July 20, 2007.

Opinion Denying Reconsideration Aug. 22, 2007.

---

Edward W. Ciolko, Gerald D. Wells, III, Joseph H. Meltzer, Joseph A. Weeden, Schiffin Barroway Topaz & Kessler, LLP, Radnor, PA, Gary F. Lynch, Carlson Lynch Ltd., New Castle, PA, for Plaintiff.

Peter Breslauer, Gregory J. Hauck, Montgomery McCracken Walker & Rhoads LLP, Philadelphia, PA, for Defendant.

## ORDER–MEMORANDUM

PADOVA, District Judge.

**AND NOW,** this 19th day of July, 2007, upon consideration of Defendant's Motion to Dismiss (Docket No. 4), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **DENIED. IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint with ten (10) days of the date of this order, naming the correct defendant in place of Lifetime Brands, Inc.

The Complaint asserts a claim against Defendant for violation of the Fair and Accurate Transaction Act of 2003 ("FACTA"), which requires retailers to truncate credit card information on electronically printed receipts given to customers. FACTA is part of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* FACTA provides, in relevant part, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). This provision applies only to electronically printed receipts. 15 U.S.C. § 1681c(g)(2). This provision took effect in two phases depending on when the retailer's cash register was installed: "[W]ith respect to cash registers installed on or after January 1, 2005, compliance was required immediately, while registers in use before that date were required to comply beginning on December

4, 2006." *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F.Supp.2d 965, 969 (C.D.Cal.2007) (citing 15 U.S.C. § 1681c(g)(3)). The Complaint alleges that, after the effective date of FACTA, Defendant "at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed more than the last five digits of Plaintiff's credit card or debit card number and/or printed the expiration date of Plaintiff's credit or debit card." (Compl. ¶ 30.) Plaintiff seeks to represent two classes of persons to whom Defendant provided electronically printed receipts which printed more than the last five digits of their credit or debit card or the expiration date of that persons's credit card number. The composition of the classes is based on the different effective dates of the act, which depend upon the date on which cash register used by Defendant to print the offending receipt was first put into use.

Defendant Lifetime Brands, Inc. seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When determining a Motion to Dismiss pursuant to Rule 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994). The court must accept as true all well pleaded allegations in the complaint and view them in the light most favorable to the Plaintiff. *Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'" *California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). In considering a Rule 12(b)(6) motion, "we do not require heightening pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007).

 Defendant maintains that the Complaint must be dismissed because Ehrheart lacks standing to bring the claim asserted in the Complaint, because the Complaint fails to plausibly allege that Defendant acted willfully, and because the Complaint names the wrong defendant. Defendant argues that, because the Complaint does not allege that Ehrheart suffered identity theft as a result of the alleged failure to truncate her electronically printed credit card receipt(s), she has not suffered an injury in fact and, consequently, does not have standing to assert a claim for violation of FACTA. FACTA, however, created a right to electronically printed receipts that truncate the consumer's credit card number and which do not print the expiration date of the consumer's credit card. 15 U.S.C. § 1681c(g). The Complaint alleges that Defendant gave Ehrheart a receipt, or receipts, which violated FACTA by printing more than the last five digits of her credit card or debit card number and/or printed the expiration date of her credit card. That is an injury under FACTA. Moreover, FACTA does not require that a plaintiff have suffered actual monetary damages in order to sue for violation of the Act. Title 15, United States Code, Section 1681n states that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for "(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000 ...." 15 U.S.C. § 1681n(a). Consequently, Plaintiff is entitled to monetary damages from Defendant as a result of a violation of FACTA whether or not she suffered any actual

monetary damages. We find that the Complaint sufficiently alleges Plaintiff's standing to assert the FACTA claim asserted in the Complaint.

 Defendant also argues that the Complaint should be dismissed because it does not allege that Defendant willfully failed to comply with Section 1681c(g). In order to be willful for purposes of 15 U.S.C. § 1681n(a), the Defendant's violation of FACTA must have been either knowing or reckless. *See Safeco Ins. Co. of Am. v. Burr*, —— U.S. ——, —— —— ——, 127 S.Ct. 2201, 2208–10, 167 L.Ed.2d 1045 (2007). The Complaint alleges that FACTA was enacted in 2003. (Comp.¶ 33.) The Complaint further alleges that Defendant knew of, or should have known of FACTA's requirements concerning the truncating of credit card numbers on electronically printed credit and debit card receipts and the prohibition on printing expiration dates because, in the past several years, VISA, MasterCard, the PCI Security Standards Council, companies that sell cash registers and other devices for processing credit and debit card payments, and other entities have all informed Defendant of the requirements of FACTA and Defendant's need to comply with FACTA. (*Id.* ¶ 34.) The Complaint further alleges that, despite knowing about and having been repeatedly informed about FACTA's requirements regarding the truncating of credit and debit card numbers, and prohibition on printing expiration dates, on electronically printed receipts, and despite having three years to comply with these requirements, Defendant violated these requirements by printing more than five digits of the credit card number or the expiration date of the credit card on receipts provided to persons with whom Defendant transacts business. (*Id.* ¶ 35.) We find that the Complaint sufficiently alleges that Defendant's violation of FACTA was either knowing or reckless and, accordingly, that the Complaint plausibly alleges that Defendant's violation of FACTA was willful in accordance with 15 U.S.C. § 1681n(a).

Defendant further argues that the Complaint should be dismissed because Plaintiff has named the wrong defendant. Defendant states that the Pfaltzgraff stores are owned by Pfaltzgraff Factory Stores, Inc., not by Defendant. Plaintiff has asked for the opportunity to amend her complaint to name the correct Defendant. Plaintiff may file an amended complaint in order to name the correct Defendant within ten days of the date of this Order.

### ORDER

**AND NOW**, this 20th day of August, 2007, upon consideration of Defendant Lifetime Brands, Inc.'s Motion for Reconsideration (Docket No. 24), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **DENIED.**

Defendant has asked us to reconsider that portion of our July 19, 2007 Order–Memorandum denying its Motion to Dismiss the Complaint in this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. *Public Interest Research Group of New Jersey v. Magnesium Elektron*, 123 F.3d 111, 116–17 (3d Cir.1997). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and

conservation of judicial resources. *Moyer v. Italwork,* Civ. A. No. 95–2264, 1997 WL 312178, at *3 (E.D.Pa. June 3, 1997). Defendant contends that our previous determination that Plaintiff has standing to assert the claim alleged in the Complaint was a clear error of law.

"A Rule 12(b)(1) Motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics, Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000) (citation omitted). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citations and footnote omitted). Defendant has asked us to review no evidence outside the pleadings; therefore, we treated its 12(b) (1) motion as a facial attack and considered the allegations of the complaint in the light most favorable to Plaintiff. Although Plaintiff has the burden of establishing subject matter jurisdiction, "the legal standard for surviving a Rule 12(b)(1) motion is a low one." *Fitzgerald v. Vogel,* Civ. A. No. 02–7849, 2003 WL 203562, at *1 (E.D.Pa. Jan.29, 2003) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991)). We may dismiss the Complaint for lack of subject matter jurisdiction "under Rule 12(b)(1) only if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Gould Electronics,* 220 F.3d at 178 (quoting *Kehr Packages,* 926 F.2d at 1409). Consequently, "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely de-

void of merit as not to involve a federal controversy.'" *Fitzgerald,* 2003 WL 203562, at *1 (quoting *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 899 (3d Cir.1987)).

Defendant contends that we erred as a matter of law by ignoring its argument that we lack subject matter jurisdiction in this case because Plaintiff lacks standing to sue under Article III of the Constitution. Defendant maintains that Plaintiff does not have standing to sue under the Constitution unless she has suffered an actual concrete injury as a result of Defendant's alleged violation of the Fair and Accurate Transaction Act of 2003 ("FACTA"). Defendant relies on *Doe v. Nat'l Bd. Of Medical Examiners,* 199 F.3d 146, 153 (3d Cir.1999) (explaining that our analysis of standing must focus on whether the plaintiff suffered an actual injury and not solely on whether a statute was violated (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 578, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))).

The Complaint alleges that Plaintiff suffered an actual injury because she was given a receipt that contained her entire credit card number or the expiration date of her credit card, in violation of a statute that gives her a right to receive a receipt that does not contain either her full credit card number or the expiration date of her credit card. The Supreme Court has recognized that "the actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing ....'" *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) (quoting *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). We find that Plaintiff's claim that she was injured by Defendant's violation of FACTA is neither clearly immaterial nor "wholly insubstantial and

frivolous." *Gould Electronics,* 220 F.3d at 178 (quotation omitted). Accordingly, we conclude that our previous determination that Plaintiff suffered an injury under FACTA sufficient to confer standing was not a clear error of law. Defendant's Motion for Reconsideration is, therefore, denied.