FERRON, Appellee,

v.

RADIOSHACK CORPORATION, Appellant.

[Cite as *Ferron v. RadioShack Corp.*, 175 Ohio App.3d 257, 2008-Ohio-1511.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP-567.

Decided March 31, 2008.

Ferron & Associates, L.P.A., Lisa A. Wafer, and Jessica G. Fallon, for appellee.
Porter Wright Morris & Arthur L.L.P., and Scott K. Jones, for appellant.

BRYANT, Judge.

{¶ 1} Defendant-appellant, RadioShack Corporation, appeals from a judgment of the Franklin County Municipal Court that awarded plaintiff-appellee, John W. Ferron, statutory damages, costs, and attorney fees under Ohio's Consumer Sales Practices Act ("OCSPA") as a result of RadioShack's unfair or deceptive acts or

practices, in violation of R.C. 1345.02. The complaint asserted that RadioShack provided plaintiff electronically printed receipts that violated R.C. 1349.18 by displaying the expiration date of his debit card. Because we must remand for the trial court to conduct an evidentiary hearing to determine whether federal preemption bars plaintiff's state-law claims underlying this appeal, we vacate the trial court's judgment, not reaching the merits of RadioShack's assigned errors.

## I.  Facts and Procedural History

{¶ 2} As a result of the parties' stipulation in the trial court, the facts are largely undisputed. In September and October 2005, plaintiff made seven separate purchases of merchandise at various RadioShack stores in the Columbus area, each time using his debit card to pay for the items. For each transaction, RadioShack issued plaintiff an electronically printed receipt that displayed the expiration date of plaintiff's debit card.

{¶ 3} On March 7, 2006, plaintiff filed a complaint in the Franklin County Municipal Court seeking relief under the OCSPA. Specifically, plaintiff alleged that RadioShack committed an unfair or deceptive act or practice in violation of R.C. 1345.02(A) each time it provided him a receipt containing his debit card's expiration date, though plaintiff did not allege that he experienced resulting identity theft or economic loss. Plaintiff predicated his OCSPA claims on an express determination in *Kimmel v. Ulrey Foods, Inc.* (Apr. 27, 2005), Franklin Cty. M.C. No. 2005–CVH–006795, a consent judgment filed in the Ohio Attorney General's Public Inspection File in accordance with R.C. 1345.05(A)(3) prior to the consumer transactions at issue here. In *Kimmel,* the court held that a merchant violates the truncation requirements contained in R.C. 1349.18, and thus commits an unfair or deceptive act or practice in violation of R.C. 1345.02, when the receipt the merchant prints and provides to the customer bears the expiration date of a debit card.

{¶ 4} Pursuant to R.C. 1345.09, plaintiff requested an award of $200 in statutory damages for each of RadioShack's seven violations of R.C. 1345.02(A), as well as costs and reasonable attorney fees. In addition to monetary relief, plaintiff requested the trial court to issue a declaratory judgment "[t]hat it is an unfair and deceptive act or practice, and a violation of R.C. 1345.02(A), for a supplier to print the expiration date of a consumer's debit or credit card on any receipt provided to the cardholder who is a consumer."

{¶ 5} RadioShack moved to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6), or alternatively, for judgment on the pleadings pursuant to Civ.R. 12(C). RadioShack conceded that a consumer need establish only a violation of a statute to seek recovery under the OCSPA. R.C. 1345.09; *Whitaker v. M.T. Automotive, Inc.,* 111 Ohio St.3d 177, 2006-Ohio-5481, 855 N.E.2d 825, at ¶ 17; *Crye v.*

*Smolak* (1996), 110 Ohio App.3d 504, 674 N.E.2d 779. RadioShack, however, contended that R.C. 1349.18 requires more. According to RadioShack, R.C. 1349.18 requires that the violation cause injury before a person may seek relief for a violation of the statute's truncation requirements.

{¶ 6} With that predicate, RadioShack thus argued that plaintiff both lacked standing and failed to state a claim upon which relief could be granted because he did not allege or establish actual injury, such as identify theft or unauthorized purchases made on his debit card. In response, plaintiff asserted he has a legally protected right under R.C. 1349.18 to receive a receipt without his debit card's expiration date printed on it. Plaintiff contended that RadioShack's violation of that statutory right constitutes legal injury that confers standing upon plaintiff and supports his claims. Without ruling on RadioShack's motions, the trial court ordered the parties to submit stipulations of fact and trial briefs on the legal issues.

{¶ 7} In its March 23, 2007 decision, the trial court declared that RadioShack violated R.C. 1349.18 and thus committed an unfair or deceptive act or practice in violation of Section 1345.02 of the OCSPA, when it printed plaintiff's debit card expiration date on the receipts it provided to him. Noting that "[i]njury is broadly defined through its common and ordinary meaning," the court determined that plaintiff had been "injured by the violations" and therefore was entitled to relief provided in R.C. 1345.09. After conducting an evidentiary hearing on the issue of attorney fees, the court entered judgment awarding plaintiff statutory damages of $200 for each of the seven OCSPA violations that plaintiff had alleged, attorney fees and costs in the amount of $3,937.27, plus interest from the date of judgment, and a declaratory judgment that RadioShack committed unfair or deceptive acts or practices in violation of R.C. 1345.02.

## II. Assignments of Error

{¶ 8} RadioShack appeals, assigning the following errors:

1. The trial court erred in finding that plaintiff-appellee John W. Ferron pleaded or established injury sufficient to support his Ohio Consumer Sales Practices Act claims premised on violations of the failure-to-truncate statute and in declaring that RadioShack violated the Ohio Consumer Sales Practices Act.

2. The trial court erred in implicitly finding that Mr. Ferron pleaded or established injury sufficient to fulfill the "justiciable matter" requirement of Article IV, Section 4(B) of the Ohio Constitution.

3. The trial court erred in awarding Mr. Ferron his costs and attorney's fees and finding that his attorney's fees were reasonable.

## III. The Truncation Claims

{¶ 9} RadioShack's first assignment of error asserts that the trial court erred as a matter of law in determining that RadioShack violated R.C. 1349.18, and thus committed unfair or deceptive acts or practices in violation of R.C. 1345.02(A), when it provided plaintiff with electronically printed receipts that displayed the expiration date of his debit card.

{¶ 10} R.C. 1349.18, commonly referred to as Ohio's truncation statute, was signed into law by Ohio's governor on January 2, 2003, and became effective on July 1, 2004. Like similar state and federal statutes, the purpose of R.C. 1349.18 appears to be curtailing identify theft. The statute, which "applies only to receipts that are electronically printed," provides that no person or limited liability company that accepts credit or debit cards in transacting business "shall print more than the last five digits" of the credit or debit card account number, "or print the expiration date" of a credit or debit card, on any receipt it provides to the cardholder. R.C. 1349.18(A) and (B). According to R.C. 1349.18(C), violation of the section "is deemed an unfair or deceptive act or practice in violation of section 1345.02 of the Revised Code," giving a "person injured by a violation * * * a cause of action" and entitlement "to the same relief available to a consumer under section 1345.09 of the Revised Code."

{¶ 11} As in the trial court, RadioShack contends on appeal that unlike the OCSPA, which requires a consumer to establish merely a violation of a statute in order to seek relief under its provisions, R.C. 1349.18(C) incorporates a specific injury requirement in stating that only a "person injured by a violation" of the statute is entitled to assert a cause of action and seek relief for a truncation violation. RadioShack argues that the trial court obviated R.C. 1349.18's specific injury requirement when it found that RadioShack's violations of R.C. 1349.18 injured plaintiff. RadioShack asserts that the trial court should have dismissed plaintiff's claims because, without any showing of actual, tangible injury resulting from RadioShack's noncompliance with R.C. 1349.18, plaintiff was not a person "injured by a violation" of the truncation statute and thus was not entitled to seek relief under the OCSPA for violations of R.C. 1349.18.

## IV. Preemption Issues

{¶ 12} At the outset, we note the issue subject of the parties' supplemental briefing: whether federal legislation that, like Ohio's truncation statute, requires merchants to truncate credit and debit card information on electronically printed receipts given to customers preempts and precludes plaintiff's claims under Ohio law. Examination of the issue revolves around the language of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") amendment to the

Fair Credit Reporting Act ("FCRA") codified at Section 1681c(g), Title 15, U.S.Code ("Section 1681c[g]").

{¶ 13} Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr* (2007), —— U.S. ——, 127 S.Ct. 2201, 2205, 167 L.Ed.2d 1045. Following the lead of several states, including Ohio, Congress enacted the FACTA in December 2003, in part to combat the growing problem of identify theft and to "ensure the operational efficiency of our national credit system by creating a number of preemptive national standards." 108 P.L. 159 (2003); H.R. Conf. Rep. 108–396 (2003), U.S.Code Cong. & Admin.News 2003, p. 1753, 1754; *Korman v. Walking Co.* (E.D.Pa.2007), 503 F.Supp.2d 755, 757; *Iosello v. Leiblys, Inc.* (N.D.Ill.2007), 502 F.Supp.2d 782, 786. See generally Epshteyn, The Fair and Accurate Credit Transactions Act of 2003: Will Preemption of State Credit Reporting Laws Harm Consumers? (2005), 93 Geor.L.J. 1143.

{¶ 14} Consistent with congressional intent and Ohio's statutory truncation requirements, Section 1681c(g)(1) expressly provides that "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." As in Ohio, the federal truncation requirements apply only to electronically printed receipts. Section 1681c(g)(2).

{¶ 15} Under the federal scheme, a "consumer" has a private right of action against "any person" who either "willfully fails to comply" or is "negligent in failing to comply" with any FCRA requirement, as amended by the FACTA. Sections 1681n and 1681o; *Arcilla v. Adidas Promotional Retail Operations, Inc.* (C.D.Cal.2007), 488 F.Supp.2d 965, 969; *Nelson v. Chase Manhattan Mtge. Corp.* (C.A.9, 2002), 282 F.3d 1057, 1059. If noncompliance with a requirement is negligent, the affected consumer is entitled to recover actual damages as well as the costs of the action and reasonable attorney fees. Section 1681o(a). If noncompliance is willful, the affected consumer is entitled to recover actual damages *or* statutory damages between $100 and $1,000, punitive damages as the court allows, plus the costs of the action and reasonable attorney fees. Section 1681n. See also *Safeco*, —— U.S. at ——, 127 S.Ct. at 2206, 167 L.Ed.2d 1045; *Korman*, 503 F.Supp.2d at 757.

{¶ 16} A person may commence an action to enforce any liability created under the FCRA, as amended by the FACTA, in any appropriate United States district court or "any other court of competent jurisdiction[.]" Section 1681p. See also *Ramirez v. MGM Mirage, Inc.* (D.Nev.2007), 524 F.Supp.2d 1226; *Korman*, 503 F.Supp.2d at 759; *Ehrheart v. Lifetime Brands, Inc.* (E.D.Pa.2007), 498 F.Supp.2d 753, 755–756; *Arcilla*, 488 F.Supp.2d at 972–974; *Follman v. Village*

*Squire, Inc.* (N.D.Ill.2007), No. 07C3767, 2007 WL 4522614 (all determining that an affected consumer seeking statutory damages for a violation of the federal statutes has standing to assert a claim without showing actual injury).

{¶ 17} Congress provided that the federal truncation requirements would take effect in two phases. Cash registers or machines that electronically print receipts for credit or debit card transactions and first put into use on or after January 1, 2005, were required to comply with the truncation requirements immediately. Those in use before that date were required to comply with the truncation requirements by December 4, 2006. See Section 1681c(g)(3); *Arcilla,* 488 F.Supp.2d at 969. Because Congress included a preemption clause in the relevant provisions, we must address preemption before we address RadioShack's assigned errors.

{¶ 18} As this court recently noted in *Charvat v. Telelytics, L.L.C.,* Franklin App. No. 05AP–1279, 2006-Ohio-4623, 2006 WL 2574019, at ¶ 23, "[t]he Supremacy Clause of the United States Constitution provides that 'the Laws of the United States * * * shall be the supreme Law of the Land; * * * any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.' Article VI, United States Constitution." We noted that the critical question in any preemption analysis is whether Congress intended federal law to supersede state law. Id. at ¶ 24, citing *In re Miamisburg* (1994), 68 Ohio St.3d 255, 260, 626 N.E.2d 85. In considering issues arising under the Supremacy Clause, "courts must start with a presumption against preemption and instead assume federal law is not to supersede the historic police powers of the states unless that is the clear and manifest purpose of Congress." Id., citing *Minton v. Honda of Am. Mfg., Inc.* (1997), 80 Ohio St.3d 62, 69, 684 N.E.2d 648.

{¶ 19} "Pre-emption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Morales v. Trans World Airlines, Inc.* (1992), 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157, citing *FMC Corp. v. Holliday* (1990), 498 U.S. 52, 56–57, 111 S.Ct. 403, 112 L.Ed.2d 356; *Telelytics,* 2006-Ohio-4623, 2006 WL 2574019, at ¶ 25; *Minton,* 80 Ohio St.3d at 68, 684 N.E.2d 648 (noting that courts initially consider express preemption and whether Congress explicitly defined the extent to which its enactment preempts state law). Because the question is essentially one of statutory intent, we " ' "begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." ' " *Morales* at 383, 112 S.Ct. 2031, 119 L.Ed.2d 157, quoting *Holliday* at 57, 111 S.Ct. 403, 112 L.Ed.2d 356, quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.* (1985), 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582.

{¶ 20} Congress set forth the preemption provisions in Section 1681t, entitled "Relation to State laws." The general provision is contained in subsection (a), which states, "Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identify theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency." Under the plain language of the general provision, state laws with respect to the prevention or mitigation of identify theft are not federally preempted except to the extent the state laws are inconsistent with any provision of the FCRA, as amended by the FACTA. Thus, pursuant to Section 1681t(a), plaintiff's state law truncation claims under the OCSPA and R.C. 1349.18 are federally preempted only to the extent they are inconsistent with any FCRA or FACTA provision, including any provision that confers a right of action or remedies to consumers.

{¶ 21} Nonetheless, after setting forth the general provision, Congress carved out numerous exceptions in subsection (b). Pertinent to our analysis here, Section 1681t(b)(5)(A) states, "No requirement or prohibition may be imposed under the laws of any State * * * *with respect to the conduct required by the specific provisions of section 1681c(g)* [.]" (Emphasis added.) The key phrase is "with respect to," and it has an ordinary meaning of "referring to" or "concerning." Random House Unabridged Dictionary (2006). The language that Congress employed in the exception evidences a broad preemptive purpose and expresses its intent that Section 1681c(g) preempt any state law imposing a requirement or prohibition concerning the conduct Section 1681c(g) requires: the truncation of credit and debit card information on electronically printed receipts provided to a cardholder. See *Morales*, 504 U.S. at 383–387, 112 S.Ct. 2031, 119 L.Ed.2d 157 (construing the "sweep" of the analogous phrase "relating to" as expressing a broad preemptive purpose with respect to state laws of not only specific applicability but also general applicability, such as state consumer protection laws).

{¶ 22} Under the broad language of 1681t(b)(5)(A), R.C. 1349.18's truncation requirements fall squarely within the preemptive scope of Section 1681c(g) because in prohibiting retailers from printing the expiration date of credit and debit cards on electronically printed receipts provided to cardholders, Ohio's truncation statute directly imposes requirements or prohibitions with respect to the conduct that its federal counterpart addresses in Section 1681c(g). Further, Section 1681c(g) preempts not only R.C. 1349.18, as a state law that specifically addresses the conduct at issue, but also sweeps within its broad preemptive scope

the OCSPA, a law of general application, to the extent that the state consumer protection laws provide for a cause of action premised upon conduct within Section 1681c(g)'s boundaries. See *Morales* and *Kneuss v. Ritenour,* Tuscarawas App. No. 2001AP110097, 2002-Ohio-6126, 2002 WL 31518175 (finding federal preemption of actions under state consumer protection laws for allegedly deceptive practices of airlines). See also *Carney v. Experian Information Solutions, Inc.* (W.D.Tenn.1999), 57 F.Supp.2d 496 (finding FCRA preempts a consumer's state law claims under consumer protection act).

{¶ 23} As noted, however, Congress expressly provided that Section 1681c(g)'s truncation requirements would take effect in two phases, with the applicable effective date depending upon when the cash register or machine that electronically printed the debit card receipt at issue first was put into use. A federal provision does not regulate its subject matter and, consequently, does not preempt state law until the federal provision becomes effective, so that an existing state law remains in effect until such time as the respective federal provision comes into effect and preempts the state law.

{¶ 24} In this case, the receipts at issue were printed at three different RadioShack locations in September and October 2005. If a machine that printed a receipt for plaintiff was first put into use after January 1, 2005, then Section 1681c(g) would apply to the transaction at issue, and federal preemption would preclude plaintiff's state law truncation claims with respect to that transaction. Section 1681c(g)(3)(B). On the other hand, if a machine had been put into use before January 1, 2005, then Section 1681c(g) would not become effective as to the transactions involving that machine until December 4, 2006, and federal legislation would not preempt plaintiff's state law truncation claims concerning his September and October 2005 transactions. Section 1681c(g)(3)(A).

{¶ 25} Because the record before this court is silent about the dates on which the machines at issue were first put into use, we are unable to determine whether plaintiff's state law claims are federally preempted. Accordingly, we vacate the trial court's judgment and remand this matter to the trial court so it may (1) conduct an evidentiary hearing to determine when the cash registers or machines at issue here first were put into use and (2) determine whether federal preemption bars plaintiff's state law truncation claims. Because RadioShack's claims of error are moot in the event of federal preemption, we do not reach their merits in this appeal.

Judgment vacated
and cause remanded.

KLATT and TYACK, JJ., concur.